IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN A. HYER, Individually and as Personal Representative of the Estate of Steven K. Hyer; CASSI H. HYER; THERESA L. CHANG; THOMAS FUJIMOTO; JAMES FUJIMOTO, JR., <br><br>          Plaintiffs, <br><br>     vs. <br><br> CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT; SUSAN BALLARD, Chief of the Honolulu Police Department; JOHN DOE 1, individually and in his official capacity as Field Supervisor; WAYNE SILVA, individually and in his official capacity as Police Officer K-9 Handler of the Honolulu Police Department; JOHN DOE 2, individually and in his official capacity as Police Officer of the Honolulu Police Department; JOHN DOES 4-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10, <br><br>          Defendants. | CIV. NO. 19-00586 HG-RT |

**ORDER GRANTING DEFENDANTS CITY AND COUNTY OF HONOLULU, SUSAN BALLARD, AND WAYNE SILVA'S MOTION TO DISMISS PORTIONS OF THE COMPLAINT (ECF No. 12)**

Plaintiffs are relatives of Steven K. Hyer ("Decedent") who are bringing claims on behalf of themselves and on behalf of the Decedent's estate against the Defendant City and County of Honolulu and several named and unnamed police officers and other

1

entities.

The Complaint asserts federal constitutional and state law claims against the Defendant City and County and its officers arising from a seven-hour standoff involving the Decedent on June 22 and June 23, 2018, that resulted in his death.

Plaintiffs filed a Complaint attempting to allege the following ten counts:

**Count I:** for violations of the **Fourth Amendment** to the United States Constitution and Hawaii State Constitution, pursuant to 42 U.S.C. § 1983;

**Count II:** for violations of the **Fourteenth Amendment** to the United States Constitution and Hawaii State Constitution, pursuant to 42 U.S.C. § 1983;

**Count III:** for **municipal liability** pursuant to 42 U.S.C. § 1983;

**Count IV:** for violations of **Title II of the Americans With Disabilities Act** of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.;

**Count V:** for **wrongful death** pursuant to Hawaii state law;

**Count VI:** for **negligent training and supervision** pursuant to Hawaii state law;

**Count VII:** for **negligence** pursuant to Hawaii state law;

**Count VIII:** for **gross negligence** pursuant to Hawaii state law;

**Count IX:** for **intentional infliction of emotional distress** pursuant to Hawaii state law; and

**Count X:** for **negligent infliction of emotional distress** pursuant to Hawaii state law.

Defendants City and County of Honolulu, Susan Ballard, and Wayne Silva filed a Motion to Dismiss Portions of the Complaint.

Defendants make numerous arguments on account of the Complaint's failure to identify which Plaintiffs are asserting which claims against which Defendants.  In addition, Defendants raise a number of arguments asserting the Complaint provided insufficient facts and no particularity as to the nature of some of the claims asserted in the Complaint.

On June 10, 2020, the Court held a hearing where Plaintiffs agreed to dismiss all claims against the Defendant Honolulu Police Department as they are duplicative of the claims brought against the City and County of Honolulu.

Plaintiffs also agreed to dismiss Counts I and II to the extent they are brought pursuant to the Hawaii State Constitution.

Plaintiffs also agreed that Count IV pursuant to Title II of the ADA can only be brought against the Defendant City and County of Honolulu.

Defendants City and County of Honolulu, Susan Ballard, and Wayne Silva's Motion to Dismiss Portions Of The Complaint (ECF No. 12) is **GRANTED.**

Plaintiffs are given **LEAVE TO AMEND** consistent with the rulings set forth in this Order.

## <u>PROCEDURAL HISTORY</u>

On October 25, 2019, Plaintiffs Steven A. Hyer, individually and as personal representative of the Estate of Steven K. Hyer;

Cassi H. Hyer; Theresa L. Chang; Thomas Fujimoto; and James Fujimoto, Jr. filed a Complaint.  (ECF No. 1).

On February 5, 2020, Defendants City and County of Honolulu; Susan Ballard; and Wayne Silva filed DEFENDANTS CITY AND COUNTY OF HONOLULU, SUSAN BALLARD, AND WAYNE SILVA'S MOTION TO DISMISS PORTIONS OF THE COMPLAINT FILED ON OCTOBER 25, 2019.  (ECF No. 12).

On February 26, 2020, Plaintiffs filed their Opposition. (ECF No. 19).

On February 27, 2020, Plaintiffs filed an Amended Opposition.  (ECF No. 20).

On March 13, 2020, Defendants filed their Reply.  (ECF No. 21).

On June 10, 2020, the Court held a telephonic hearing on Defendants' Motion to Dismiss.  (ECF No. 26).

## BACKGROUND

**According to the Complaint:**

On June 22, 2018, at approximately 6:00 p.m., Honolulu police officers were called to the residence of Steven K. Hyer ("Decedent") due to his "bizarre behavior."  (Complaint at ¶¶ 4, 16, 18, 39, ECF No. 1).  The responding officers spoke with the Decedent and left the premises without taking the Decedent into custody.  (Id. at ¶ 67).

Two hours later, at approximately 8:00 p.m., Honolulu police

officers were called back to the residence.  (Id. at ¶ 80).
Based on reports by neighbors, police officers believed the
Decedent was in need of psychological assistance and called the
on-duty police psychologist.  (Id. at ¶¶ 86-87).  The police
psychologist instructed the officers to take the Decedent to a
psychiatric facility for evaluation.  (Id. at ¶ 88).

A seven-hour standoff ensued that included officers from the
City and County of Honolulu's Special Weapons And Tactics
("SWAT") Team.  (Id. at ¶¶ 104, 128).

At approximately 2:30 a.m., on June 23, 2018, Honolulu
officers used a bullhorn to talk to the Decedent and ask him to
come out of his residence.  (Id. at ¶¶ 128-29).  Officers also
used other methods in an effort to detain the Decedent.  (Id. at
¶ 150).

The Complaint asserts that Defendant Officer Wayne Silva, a
K-9 Handler, deployed his police dog, Zero, into the Decedent's
residence.  (Id. at ¶ 161).  The Decedent is alleged to have
stabbed police dog Zero.  (Id. at ¶ 164).  The Decedent was shot
by police officers and died.  (Id. at ¶ 163).

Plaintiffs filed a Complaint seeking damages against the
Defendant City and County of Honolulu, Chief Susan Ballard,
Officer Silva, Officer John Doe 1 and Officer John Doe 2 and
other entities.

**STANDARD OF REVIEW**

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.  550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555.

6

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  Id. at 1949 (citing Twombly, 550 U.S. at 555).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Id. (quoting Twombly, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Twombly, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Id. (quoting Twombly, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require

the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

### I.   NAMED PLAINTIFFS

The Plaintiffs named in the Complaint are as follows:

(1)   Steven A. Hyer, individually and as Personal Representative of the Estate of Steven K. Hyer, who is the Decedent's father (Complaint at ¶ 4, ECF No. 1);

(2)   Theresa L. Chang, the Decedent's mother (Id. at ¶ 6); and,

(3)   Cassi H. Hyer, the Decedent's wife from whom he was separated (Id. at ¶ 5).

Two additional Plaintiffs are named in the Complaint but there is no information as to who they are in relation to the facts of the case, their familial relationships, or the causes of action they intend to bring:

(4)   Thomas Fujimoto; and

(5)   James Fujimoto, Jr.

All claims brought by Thomas Fujimoto and James Fujimoto, Jr. are **DISMISSED WITH LEAVE TO AMEND.**

### II.   NAMED DEFENDANTS

The following Defendants are named in the Complaint:

**(1)   City and County of Honolulu;**

**(2)   Honolulu Police Department;**

The Parties agree the Honolulu Police Department is an improper party, as the claims against it are duplicative of the claims against the City and County of Honolulu.

All claims against Defendant Honolulu Police Department are **DISMISSED WITH PREJUDICE.**

    **(3)** <u>**Susan Ballard**</u>, Chief of the Honolulu Police Department, in both her official and individual capacities.

Claims against Chief Ballard in her official capacity are identical and duplicative of the claims brought against the City and County of Honolulu. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67 (1985); <u>Community House, Inc. v. City of Boise</u>, 623 F.3d 945, 966-67 (9th Cir. 2010).

All claims against Defendant Susan Ballard in her official capacity are **DISMISSED WITH PREJUDICE.**

    **(4)** <u>**Defendant John Doe 1,**</u> in both his individual capacity and his official capacity as a Honolulu Police Officer.

All claims against Defendant John Doe 1 in his official capacity as a Honolulu Police Officer are **DISMISSED WITH PREJUDICE** as duplicative of claims against the City and County of Honolulu.

Plaintiffs are given **LEAVE TO AMEND** to properly identify John Doe 1 in his individual capacity.

    **(5)** <u>**Wayne Silva**</u>, in both his individual capacity and his official capacity as a Honolulu Police Officer.

All claims against Defendant Wayne Silva in his official

capacity as a Honolulu Police Officer are **DISMISSED WITH PREJUDICE** as duplicative of claims against the City and County of Honolulu.

> **(6)** **Defendant John Doe 2**, in both his individual capacity and his official capacity as a Honolulu Police Officer.

All claims against Defendant John Doe 2 in his official capacity as a Honolulu Police Officer are **DISMISSED WITH PREJUDICE** as duplicative of claims against the City and County of Honolulu.

Plaintiffs are given **LEAVE TO AMEND** to properly identify John Doe 2 in his individual capacity.


## III. FEDERAL LAW CAUSES OF ACTION

**Count I:** **Fourth Amendment** to the United States Constitution pursuant to 42 U.S.C. § 1983.

A plaintiff may challenge actions by government officials that violate the United States Constitution, pursuant to 42 U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  Section 1983 does not create any substantive rights.  Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 978 (9th Cir. 2004).

To prevail on a Section 1983 claim, a plaintiff must

establish that a right secured by the Constitution or laws of the United States was violated and that the violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiffs' allegations as to Count I assert the Defendants engaged in wrongful conduct in "deliberate indifference" to the Decedent's rights under the Fourth Amendment to the United States Constitution.  (Complaint at ¶ 227, ECF No. 1).  It appears Plaintiffs are attempting to bring an excessive force claim pursuant to the Fourth Amendment to the United States Constitution as set forth in Graham v. Connor, 490 U.S. 386, 396 (1989).

## A.   Standing

The Complaint does not precisely specify which Plaintiffs are bringing Count I against which Defendants.

In Section 1983 actions, the survivors of an individual who allegedly died as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998).

Hawaii law permits the decedent's "legal representative" to pursue his tort claims.  Haw. Rev. Stat. § 663-7.  The term, "legal representative," has not been defined by statute or the

11

Hawaii Supreme Court.

The interpretation of the term "legal representative" in Haw. Rev. Stat. § 663-7 was considered by the federal district court in Agae v. United States, 125 F.Supp.2d 1243, 1248 (D. Haw. 2000). In Agae, the district court found that a legal representative generally refers to one who stands in place of, and represents the interests of another such as an administrator of an estate or a court appointed guardian of a minor. Id. The district court found that the term is not so broad so as to allow an individual heir to a decedent to file a claim on his or her behalf. Id. at 1248. The district court found that the term "legal representative," as used in Haw. Rev. Stat. § 663-7, is limited to one who stands in the place of the deceased and represents his interest, either by the decedent's act or by the operation of law, citing Mutual Life Ins. v. Armstrong, 117 U.S. 591, 597 (1886). Agae, 125 F.Supp.2d at 1248.

In this case, the Complaint states that the Decedent's estate is represented by Plaintiff Steven A. Hyer. (Complaint at ¶ 4, ECF No. 1). Plaintiff Steven A. Hyer, as Personal Representative of the Decedent's estate, has standing to assert a Fourth Amendment Excessive Force claim against officers in their individual capacities pursuant to Section 1983 on the Decedent's behalf.

The remaining Plaintiffs: Cassi H. Hyer and Theresa L. Chang do not have standing to pursue the Decedent's Fourth Amendment

12

claim pursuant to Haw. Rev. Stat. § 663-7.  Agae, 125 F.Supp.2d at 1248; Ryder v. Booth, Civ. No. 16-00065 HG-KSC, 2016 WL 2745809, *5 (D. Haw. May 11, 2016) (finding that only one plaintiff had standing to pursue the decedent's Section 1983 claim on behalf of the decedent's estate).

Plaintiffs Steven A. Hyer, Cassi H. Hyer, and Theresa L. Chang do not have individual standing to bring a Fourth Amendment Excessive Force claim.  There are no facts that Plaintiffs Steven A. Hyer, Cassi H. Hyer, or Theresa L. Chang were at the scene on June 22 and June 23, 2018 that would allow them to pursue their own individual Section 1983 excessive force claims.

The only remaining Plaintiff as to Count I is **Steven A. Hyer, as Personal Representative for the Estate of Steven K. Hyer**.

Count I as brought by the remaining Plaintiffs Steven A. Hyer, individually, Cassi H. Hyer, and Theresa L. Chang is **DISMISSED WITH PREJUDICE**.

**B.   Count I Against Defendants John Doe 1 and Ballard**

The Complaint refers to Count I as being brought against "Defendants."  (Complaint at ¶ 227, ECF No. 1).

There are no allegations that Chief Ballard was at the scene on June 22 and 23, 2018, that she communicated or directed any of the actions at the scene, or that she was otherwise involved in the incident.  There are also no allegations as to Defendant John

Doe 1.  The Complaint states that Defendant John Doe 1 was the
Field Supervisor, but there are no allegations that Defendant
John Doe was physically present at the scene or that John Doe 1
used any force.  Neither Defendant John Doe 1 nor Chief Ballard
can be liable for a Section 1983 claim pursuant to a respondeat
superior theory of liability.  Taylor v. List, 880 F.2d 1040,
1045 (9th Cir. 1989).  A supervisor may be held individually
liable under Section 1983 only if there exists either (1) her
personal involvement in the constitutional deprivation, or (2) a
sufficient causal connection between the supervisor's wrongful
conduct and the constitutional deprivation.  Keates v. Koile, 883
F.3d 1228, 1242-43 (9th Cir. 2018).  The Complaint is devoid of
any such factual allegations.

Count I as to Defendants John Doe 1 and Chief Ballard in
their individual capacities is **DISMISSED WITH LEAVE TO AMEND.**

**Count II**: **Fourteenth Amendment** to the United States Constitution
pursuant to 42 U.S.C. § 1983.

Plaintiffs Steven A. Hyer, individually and as Personal
Representative of the Estate of Steven K. Hyer, Cassi H. Hyer,
and Theresa L. Chang claim the "Defendants" engaged in conduct
that violated "Steven's substantive due process rights under the
Fourteenth Amendment to the United States Constitution."
(Complaint at ¶ 235, ECF No. 1).

14

### A.    The Estate Does Not Have Standing

Plaintiff Steven A. Hyer, as Personal Representative of the Estate of Steven K. Hyer, may not bring a Fourteenth Amendment claim where the Decedent's Estate's claims are more specifically covered by the Fourth Amendment.  <u>Burns v. City of Concord</u>, 2014 WL 5794629, *8 (N.D. Cal. Nov. 6, 2014).  The Estate cannot state a Fourteenth Amendment claim because the Decedent was not a "pretrial detainee" that would allow for a separate Fourteenth Amendment claim.  The Estate's proper claim is brought in Count I for excessive force pursuant to the Fourth Amendment.

Count II as brought by Plaintiff Steven A. Hyer, as Personal Representative of the Estate of Steven K. Hyer, is **DISMISSED WITH PREJUDICE.**

### B.    The Individually Named Family Members Have Standing But Have Provided Insufficient Facts To State A Claim

The Ninth Circuit Court of Appeals has recognized that family members have a Fourteenth Amendment liberty interest in familial companionship and society.  <u>Wilkinson v. Torres</u>, 610 F.3d 546, 554 (9th Cir. 2010); <u>Tokuda v. Calio</u>, Civ. No. 13-00202 DKW-BMK, 2014 WL 5580959, *9 (D. Haw. Oct. 31, 2014).

Plaintiffs Steven A. Hyer, individually, Cassi H. Hyer, and Theresa L. Chang have standing to pursue their Fourteenth Amendment claims for their personal liberty interests as alleged family members of the decedent.  Parents and children of a person

killed by law enforcement officers may assert a substantive due process claim based on the deprivation of their liberty interest arising out of their relationship with the deceased.  Moreland, 159 F.3d at 371.  A substantive due process violation requires that law enforcement officers' conduct "shocks the conscience" when responding to an emergency or an escalating situation. Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008).

The Plaintiff family members must prove that the purpose of the Defendant Officers' conduct was "to cause harm unrelated to the legitimate object" of seizure.  Id. at 1140 (citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 836 (1998)).

The United States Supreme Court has held that a purely reactive decision to use force to seize a suspect does not shock the conscience.  Lewis, 523 U.S. at 855.  Situations that shock the conscience are "rare situations where the nature of an officer's deliberate physical contact is such that a reasonable factfinder would conclude that the officer intended to harm, terrorize or kill."  Porter, 546 F.3d at 1141 (citing Davis v. Township of Hillside, 190 F.3d 167, 174 (3d Cir. 1999)).

Steven A. Hyer, individually, Cassi H. Hyer, and Theresa L. Chang have not provided sufficient allegations of specific conduct by the individual officers to state a Fourteenth Amendment claim.  The Complaint lacks particularity as to what deliberate physical contact each individual officer had with the Decedent that was so extreme such that it "shocks the

16

conscience." <u>Id.</u>

Count II as brought by these Plaintiffs individually is **DISMISSED WITH LEAVE TO AMEND.**

**Count III: <u>Municipal Liability</u>** pursuant to 42 U.S.C. § 1983.

The City and County of Honolulu may be considered a "person" for purposes of 42 U.S.C. § 1983. <u>Monell v. Dep't of Soc. Servs. of City of N.Y.</u>, 436 U.S. 658, 690 (1978).

Pursuant to <u>Monell</u>, a municipality may be liable under Section 1983 if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation. <u>Connick v. Thompson</u>, 563 U.S. 51, 60 (2011). In order to recover, a plaintiff must prove that the action pursuant to an official municipal policy caused their injury. <u>Id.</u> at 60-61.

In order to plead a <u>Monell</u> claim, a plaintiff must comply with the standard set forth in <u>Starr v. Baca</u>, 652 F.3d 1202 (9th Cir. 2011). <u>A.E. v. Cnty. of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (explaining that the pleading standard set forth in <u>Starr v. Baca</u> extends to <u>Monell</u> claims).

A plaintiff asserting a <u>Monell</u> claim, including a claim based on a policy, practice, or custom, must contain sufficiently detailed factual allegations to give fair notice and to enable the opposing party to defend itself effectively. <u>Estate of Mendez v. Cty. of Ceres</u>, 390 F.Supp.3d 1189, 1206 (E.D. Cal.

2019).

Plaintiffs allege three theories of municipal liability against the Defendant City and County of Honolulu:

(A)  the existence of an unconstitutional custom or policy;

(B)  ratification by Chief Ballard; and,

(C)  failure to train.

**A.   Unconstitutional Policy Or Custom**

A municipality may be held liable pursuant to Section 1983 for injuries caused by its unconstitutional policies or customs. Monell, 436 U.S. at 694; Webb v. Sloan, 330 F.3d 1158, 1164 (9th Cir. 2003).  A plaintiff may bring a Monell claim based on an unconstitutional policy or custom by providing sufficient allegations:

(1)  that he was deprived of a constitutional right;

(2)  that the municipality had a policy;

(3)  that the policy amounted to deliberate indifference to his constitutional right; and,

(4)  the policy was the moving force behind the constitutional violation.

Mabe v. San Bernadino Cty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1110-11 (9th Cir. 2001).

A municipality may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights, but only if that policy of inaction is the result of a conscious or deliberate choice made from among various

18

alternatives.  Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

In order to identify the relevant policy, the plaintiff must provide sufficient allegations:

    (1)  showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;

    (2)  showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent the official policy in the area of decision; or

    (3)  showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005).

Liability for improper custom may not be predicated on isolated or sporadic incidents, but it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy.  Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

The Complaint alleges that since 2005 Honolulu Police Department officers have repeatedly used excessive and/or unreasonable force in deliberate indifference to the constitutional rights of the mentally ill.  (Complaint at ¶¶ 241-44, ECF No. 1).

The allegations in the Complaint are insufficient to establish that the City and County of Honolulu has an impermissible policy, custom, or practice for which it might be

liable pursuant to Monell.  The Complaint's general allegations
fail to identify the particular policy, custom, or practice at
issue, the content of that policy, or the deficiencies of that
policy.  Andrews v. Hawaii Cty., Civ. No. 13-00046 JMS-KSC, 2013
WL 5274369, at *6 (D. Haw. Sept. 17, 2013); Herd v. Cty. of San
Bernardino, 311 F.Supp.3d 1157, 1167 (C.D. Cal. 2018).

The Complaint further fails to explain how the alleged
policy, custom, or practice amounts to deliberate indifference to
the Decedent's or the Plaintiffs' particular constitutional
rights.  Merely alleging generally that Plaintiffs' rights were
violated and that Defendants acted with deliberate indifference
is conclusory and does not identify how the alleged policy was
likely to cause constitutional injury and how it caused injury to
the particular named Plaintiff.  Herd, 311 F.Supp.3d at 1168.
The Complaint cannot allege generalized injuries to "Plaintiffs"
caused by "Defendants."

### B.   Ratification

Monell liability can be found where an official with
policymaking authority ratifies a subordinate's unconstitutional
decision or action and the basis for it.  Gillette v. Delmore,
979 F.2d 1342, 1346–48 (9th Cir. 1992).  Ratification requires
the authorized policymaker to make a "conscious, affirmative
choice."  Id.  A policymaker's "knowledge of an unconstitutional
act does not, by itself, constitute ratification."  Christie v.

Iopa, 176 F.3d 1231, 1239 (9th Cir. 1999).  Nor does a
policymaker's "mere refusal to overrule a subordinate's completed
act" constitute ratification.  Id.

Plaintiffs attempt to assert a claim for ratification of an
unconstitutional policy or custom by Honolulu Police Chief
Ballard.  The Complaint alleges that "[s]ince 2005 to the
present, [Honolulu Police Department Officers] have repeatedly
and continuously violated HPD policies, procedures, and
guidelines, in deliberate indifference to the constitutional
rights of mentally ill persons."  (Complaint at ¶ 241, ECF No.
1).  The Complaint alleges that, in past situations, officers
have been cleared of wrongdoing and that "Chief Ballard knew
and/or had reason to know of recurring violations of the HPD
policies, procedures, and guidelines regarding treatment of the
mentally ill by HPD officers."  (Id. at ¶ 246).

The Complaint does not provide sufficient facts as to what
policies, procedures, or guidelines were violated by whom; what
policies, procedures, or guidelines Chief Ballard approved or
ratified; and it does not provide any timeline as to Chief
Ballard's involvement with any past cases or specific facts as to
her involvement in the subject incident with the Decedent.

The Complaint's conclusory allegations are insufficient to
state a Monell claim based on Chief Ballard's alleged
ratification of an unconstitutional policy or custom.

### C.    Failure To Train

A municipality may be held liable under Section 1983 for a failure to train its employees.  City of Canton, Ohio v. Harris, 489 U.S. 378, 387 (1989).  A municipality's culpability under Section 1983 is at its "most tenuous" where a claim turns on a failure to train.  Connick, 563 U.S. at 60-61.

In order to establish municipal liability for a failure to train, the municipality's training must be so deficient that it amounts to "deliberate indifference" to the rights of persons with whom the untrained employees come into contact.  Id. at 61; Kaahu v. Randall, Civ. No. 14-00266 HG-RLP, 2018 WL 472996, at *14 (D. Haw. Jan. 18, 2018).  Mere negligence in training does not give rise to a Monell claim.  Dougherty v. Cty. of Covina, 654 F.3d 892, 900 (9th Cir. 2011).

To succeed on a failure to train claim, a plaintiff must demonstrate that "policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights."  Connick 563 U.S. at 61.  "The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy."  Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006).  Allegations of inadequate training are insufficient where they do not identify what the training

practices were, how the training practices were deficient, or how the training caused the specific Plaintiff's harm.  <u>Young v. Cty. of Visalia</u>, 687 F.Supp.2d 1141, 1149 (E.D. Cal. 2009).  The identified deficiency in a local governmental entity's training program must be "closely related" to the ultimate injury.  <u>Lee</u>, 250 F.3d at 681.  A plaintiff must establish that his or her constitutional injury "would have been avoided" had the governmental entity trained its employees properly.  <u>Id.</u>

Plaintiffs fail to plausibly allege a <u>Monell</u> claim based on a failure to train.  The Complaint alleges that the Honolulu Police Department "failed, neglected, and/or refused" to properly train its officers regarding contacting, interacting with, and using force against mentally ill persons.  (Complaint at ¶¶ 190-95, ECF No. 1).  Plaintiffs make no allegations regarding the training that officers received and do not explain why that training was inadequate.  Plaintiffs assert that the City and County acted with deliberate indifference, but they fail to provide sufficient facts to plausibly allege why the failure to train was likely to result in a constitutional violation.

Allegations setting forth the pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.  <u>Connick</u>, 563 U.S. at 62.  "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a

training program that will cause violations of constitutional rights." Id.

Plaintiffs' allegations of a general failure to train by the City and County of Honolulu is insufficient to establish municipal liability under a failure to train theory.

Plaintiffs' Monell claims pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH LEAVE TO AMEND.**

**Count IV: Title II of the Americans With Disabilities Act** of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.

At the hearing on June 10, 2020, Plaintiffs agreed that their claim for violations of Title II of the Americans With Disabilities Act may only be brought against the Defendant City and County of Honolulu.

Plaintiffs' ADA claim against the remaining Defendants is **DISMISSED WITH PREJUDICE.**


**IV.   STATE LAW CAUSES OF ACTION**

**Count V:   Wrongful Death** pursuant to Hawaii state law.

Hawaii's wrongful death statute allows recovery where "the death of a person is caused by the wrongful act, neglect, or default of any person."  Haw. Rev. Stat. § 663-3.  Under Hawaii law, a wrongful death action can be brought by the deceased's legal representative, mother, father, children, and surviving spouse, among others.  Id.

Plaintiffs Steven A. Hyer, individually and as the Personal

Representative of the Estate of Steven K. Hyer; Cassi H. Hyer, Decedent's wife; and, Theresa L. Chang, Decedent's mother, all have standing to bring a wrongful death action pursuant to Hawaii's wrongful death statute.

The Complaint alleges that Defendant John Doe 2 shot the Decedent causing his death.  The Complaint otherwise makes general allegations that "Defendants' wrongful conduct" caused the Decedent's death.  (Complaint at ¶¶ 264-68, ECF No. 1).  The generalized allegations against the collective "Defendants" are insufficient.

Plaintiffs must assert sufficient facts setting forth the specific conduct by each Defendant in order to plausibly state a claim against each Defendant they seek to sue.  Specifically, there are no allegations as to Chief Ballard's involvement in the June 22 and 23, 2018 events that would permit a claim for wrongful death against her.

Plaintiffs Steven A. Hyer, individually and as the Personal Representative of the Estate of Steven K. Hyer, Cassi H. Hyer, and Theresa L. Chang have stated a wrongful death claim in Count V against Defendant John Doe 2.

Count V is **DISMISSED WITH LEAVE TO AMEND** as to the remaining Defendants.

**Count VI:**       **Negligent Training and Supervision**

**Count VII:**      **Negligence**

**Count VIII:**     **Gross Negligence**

**Count IX:**       **Intentional Infliction Of Emotional Distress**

**Count X:**        **Negligent Infliction Of Emotional Distress**

### A.   Standing

Hawaii law permits the decedent's "legal representative" to pursue his tort claims.  Haw. Rev. Stat. § 663-7.  Plaintiff Steven A. Hyer as Decedent's legal representative, is entitled to bring state law tort claims on behalf of the Decedent.  All other Plaintiffs are barred from bringing claims on behalf of the Estate.

The individual Plaintiffs must state the basis for their individual tort claims that sets forward their individual injuries in order to pursue their state causes of action.

### B.   Insufficient Facts

Plaintiff Steven A. Hyer, in his individual capacity, as well as the other individual capacity Plaintiffs, may only bring state law tort claims to the extent they can state a claim that outlines the factual and legal basis for their claim and includes facts concerning their own injuries that were caused by the individual Defendants.

Plaintiffs' state law claims generally assert conclusory

allegations that "Defendants' wrongful conduct" caused "Plaintiffs" harm. (<u>See</u> Complaint at ¶¶ 269-96, ECF No. 1). Vague and conclusory allegations are insufficient to state a claim. <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009) (explaining pleading standard following <u>Iqbal</u> and <u>Twombly</u>). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim. <u>Iqbal</u>, 556 U.S. at 678. Each plaintiff must set forth specific facts supporting their individual claims and must allege facts showing a causal link between each defendant and each plaintiff's injury or damage. <u>Id.</u> at 679.

For example, for the negligence causes of action, the Complaint must set forth:

(1)   a duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks;

(2)   a failure on the specific defendant's part to conform to the standard required;

(3)   a reasonably close causal connection between the conduct and the resulting injury to the plaintiff; and,

(4)   actual loss or damage resulting to the plaintiff.

<u>Molfino v. Yuen</u>, 339 P.3d 679, 682 (Haw. 2014).

The Complaint's conclusory allegations are insufficient to state a plausible negligence or other state law tort claim on behalf of the Plaintiffs. <u>Pantastico v. Dep't of Educ.</u>, 406 F.Supp.3d 865, 881 (D. Haw. 2019).

## C.    Conditional Privilege For State Law Claims

Hawaii law provides non-judicial government officials with conditional privilege for tortious actions made in the performance of their public duties.  Towse v. State of Hawaii, 647 P.2d 696, 702 (Haw. 1982); Kaahu v. Randall, Civ. No. 14-00266 HG-RLP, 2018 WL 472996, at *12 (D. Haw. Jan. 18, 2018). Conditional privilege does not apply where there is clear and convincing evidence that government officials acted with malice. Id.  Malice is defined as "the intent, without justification or excuse, to commit a wrongful act, reckless disregard of the law or of a person's legal rights, and ill will; wickedness of heart."  Awakuni v. Awana, 165 P.3d 1027, 1042 (Haw. 2007) (internal quotations omitted); Bartolome v. City & Cty. of Honolulu, Civ. No. 06-00176 SOM-LEK, 2008 WL 942573, at *10 (D. Haw. Apr. 8, 2008).

Plaintiffs' state law claims do not plausibly allege sufficient facts to establish that either Defendant Ballard or Defendant Silva acted with malice.  Claims V, VIII, and X of the Complaint generally allege that "Defendants" acted maliciously or with reckless disregard.  (Complaint at ¶¶ 265, 282, 288, ECF No. 1).  Such conclusory assertions are insufficient to plausibly state a claim that Defendant Ballard or Defendant Silva was motivated by malice and not by an otherwise proper purpose.

Counts VI through X are **DISMISSED WITH LEAVE TO AMEND.**

## V.    PUNITIVE DAMAGES

It is well established that a municipality is immune from punitive damages pursuant to 42 U.S.C. § 1983, as well as pursuant to Hawaii state law.  Newport v. Fact Concerts, 453 U.S. 247, 271 (1981); Lauer v. YMCA, 557 P.2d 1334, 1342 (Haw. 1976).

To obtain punitive damages for a violation of Section 1983, a plaintiff must prove that the defendant's conduct was malicious, oppressive, or in reckless disregard of the plaintiff's rights.  Dang v. Cross, 422 F.3d 800, 810-11 (9th Cir. 2005).  An award of punitive damages pursuant to Hawaii state law requires a plaintiff to prove by clear and convincing evidence that the defendant acted "wantonly or oppressively or with such malice as implies a spirt of mischief or criminal indifference to civil obligations; or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences." Masaki v. Gen. Motors Corp., 780 P.2d 566, 572 (Haw. 1989) (internal quotations omitted).

The Complaint fails to provide sufficient allegations to recover punitive damages.  To the extent a Plaintiff seeks punitive damages from an individual Defendant, the Complaint must set forth the specific factual and legal basis for punitive damages against each individual Defendant from whom punitive damages are sought by each individual Plaintiff.

Plaintiffs' request for punitive damages is **DISMISSED WITH**

29

**LEAVE TO AMEND.**

## CONCLUSION

Defendant City and County of Honolulu, Susan Ballard, and Wayne Silva's Motion to Dismiss Portions of the Complaint (ECF No. 12) is **GRANTED.**

**THE FOLLOWING PARTIES ARE DISMISSED:**

(1) All claims against Defendant Honolulu Police Department are **DISMISSED WITH PREJUDICE.**

(2) All claims against **Defendant Ballard, Defendant Silva, Defendant John Doe 1, and Defendant John Doe 2 in their official capacities** as officers with the Honolulu Police Department, are **DISMISSED WITH PREJUDICE.** Plaintiffs are given **LEAVE TO AMEND** to properly identify John Doe 1 and John Doe 2 in their individual capacities.

(3) All claims brought by **Thomas Fujimoto and James Fujimoto, Jr.** are **DISMISSED WITH LEAVE TO AMEND.**

**THE FOLLOWING CLAIMS ARE DISMISSED:**

All claims pursuant to the Hawaii State Constitution are **DISMISSED WITH PREJUDICE.**

**Count I:** **Fourth Amendment** to the United States Constitution pursuant to 42 U.S.C. § 1983;

Count I as brought by Plaintiffs Steven A. Hyer, individually, Cassi H. Hyer, and Theresa L. Chang is **DISMISSED WITH PREJUDICE.**

The only remaining Plaintiff as to Count I is **Steven A. Hyer, as Personal Representative for the Estate of Steven K. Hyer.**

Plaintiff Steven A. Hyer, as Personal Representative, is given **LEAVE TO AMEND** Count I against Defendant Ballard and Defendant John Doe 1.

**Count II: Fourteenth Amendment** to the United States Constitution

pursuant to 42 U.S.C. § 1983;

Count II as brought by Plaintiff Steven A. Hyer, as Personal Representative of the Estate of Steven K. Hyer, is **DISMISSED WITH PREJUDICE.**

Plaintiffs Steven A. Hyer, individually, Cassi H. Hyer, and Theresa L. Chang are given **LEAVE TO AMEND** Count II against Defendants Ballard, Silva, John Doe 1, and John Doe 2.

**Count III: <u>Municipal Liability</u>** pursuant to 42 U.S.C. § 1983;

Count III is **DISMISSED WITHOUT PREJUDICE.**

Plaintiffs are given **LEAVE TO AMEND** Count III against Defendant City and County of Honolulu.


**Count IV: <u>Title II of the Americans With Disabilities Act</u>** of 1990 ("ADA"), 42 U.S.C. § 12101, <u>et seq.</u>

Count IV may only be brought against Defendant City and County of Honolulu.

Count IV as stated against Defendants Ballard, Silva, John Doe 1, and John Doe 2 is **DISMISSED WITH PREJUDICE.**

**Counts V-X: Hawaii State Law Claims**

Plaintiffs Steven A. Hyer, individually and as the Personal Representative of the Estate of Steven K. Hyer, Cassi H. Hyer, and Theresa L. Chang have stated a wrongful death claim in Count V against Defendant John Doe 2.

Count V is **DISMISSED WITH LEAVE TO AMEND** as to Plaintiffs' claim against Defendant Ballard, Silva, and John Doe 1.

Counts VI-X are **DISMISSED WITHOUT PREJUDICE.**

Plaintiffs Steven A. Hyer, individually and as Personal Representative of the Estate of Steven K. Hyer, Cassi H. Hyer, and Theresa L. Chang are given **LEAVE TO AMEND** Counts V-X against Defendants City and County of Honolulu, Ballard, Silva, John Doe 1, and John Doe 2.

**Punitive Damages**

Plaintiffs' request for punitive damages is **DISMISSED WITHOUT PREJUDICE.**

Plaintiffs Steven A. Hyer, individually and as Personal Representative of the Estate of Steven K. Hyer, Cassi H. Hyer, and Theresa L. Chang are given **LEAVE TO AMEND** their request for punitive damages against Defendants Ballard, Silva, John Doe 1, and John Doe 2.

## THE SURVIVING PARTIES AND CLAIMS ARE AS FOLLOWS:

**Count I** for violations of the **Fourth Amendment** to the United States Constitution pursuant to 42 U.S.C. § 1983 by Plaintiff Steven A. Hyer, as Personal Representative of the Estate of Steven K. Hyer, against Defendants Silva and John Doe 2.

**Count IV** for violations of **Title II to the Americans With Disabilities Act** by Plaintiff Steven A. Hyer, as Personal Representative of the Estate of Steven K. Hyer, against Defendant City and County of Honolulu.

**Count V** for **wrongful death** by Plaintiffs Steven A. Hyer, individually and as the Personal Representative of the Estate of Steven K. Hyer, Cassi H. Hyer, and Theresa L. Chang against Defendant John Doe 2.

**LEAVE TO AMEND**:

Plaintiffs are given **LEAVE TO AMEND** and may file a First Amended Complaint on or before Friday, July 31, 2020.  The First Amended Complaint must conform to the rulings contained in this Order.

Plaintiffs' First Amended Complaint is limited to the causes of action that were dismissed <u>without</u> <u>prejudice</u> pursuant to this Order.  Plaintiffs may not allege any new causes of action.

Plaintiffs are given **LEAVE TO AMEND** to properly identify Defendant John Doe 1 in his individual capacity and Defendant John Doe 2 in his individual capacity.  Plaintiffs may not add any additional Defendants in the First Amended Complaint.

//

//

//

//

//

//

Failure to file a First Amended Complaint on or before Friday, July 31, 2020, will result in automatic dismissal with prejudice of all of the counts dismissed in this Order.

IT IS SO ORDERED.

DATED: June 23, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Steven A. Hyer, Individually and as Personal Representative of The Estate of Steven K. Hyer; Cassi H. Hyer; Theresa L. Chang; Thomas Fujimoto; James Fujimoto, Jr. v. City and County of Honolulu; Honolulu Police Department; Susan Ballard, Chief of Police of the Honolulu Police Department; John Doe 1, individually and in his official capacity as Field Supervisor; Wayne Silva, individually and in his official capacity as Police Officer K-9 Handler of the Honolulu Police Department; John Doe 2, individually and in his official capacity as Police Officer of the Honolulu Police Department; John Does 4-10; Jane Does 1-10; Doe Corporations 1-10; Doe Partnerships 1-10; Doe Unincorporated Organizations 1-10; Civil No. 19-00586 HG-RT; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PORTIONS OF THE COMPLAINT (ECF No. 12)**

33