IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN A. HYER, Individually and as Personal Representative of the Estate of Steven K. Hyer; CASSI H. HYER; THERESA L. CHANG,<br><br>            Plaintiffs,<br><br>      vs.<br><br>CITY AND COUNTY OF HONOLULU; PAUL V. NOBRIGA, in his individual capacity; WAYNE SILVA, in his individual capacity; MALO B. TORRES, in his individual capacity,<br><br>            Defendants. | CIV. NO. 19-00586 HG-RT |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS CITY AND COUNTY OF HONOLULU AND WAYNE SILVA'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (ECF No. 32)**

Plaintiffs are relatives of Steven K. Hyer.  On October 25, 2019, Plaintiffs filed a Complaint on behalf of themselves and on behalf of the Decedent's estate against the Defendant City and County of Honolulu and several Honolulu police officers.  The lawsuit arises following a seven-hour standoff on June 22 and June 23, 2018, resulting in Steven K. Hyer's death.

On June 23, 2020, the Court issued an Order granting the Motion to Dismiss filed by Defendant City and County of Honolulu and Officer Wayne Silva.  The Order granted Plaintiffs leave to amend several of their causes of action.

On July 31, 2020, Plaintiffs filed a First Amended

1

Complaint.

The First Amended Complaint is filed against Defendants City and County of Honolulu and Honolulu Police Officers Paul V. Nobriga, Wayne Silva, and Malo B. Torres in their individual capacities.

The First Amended Complaint asserts federal constitutional and state law claims against the City and County and its officers arising from the June 2018 standoff involving Steven K. Hyer.

The First Amended Complaint does not properly assert which plaintiff is bringing which cause of action against which defendant.  Each cause of action must specify the basis for standing for each plaintiff seeking to bring the claim.  The allegations must specify against which defendant or defendants the claim is being asserted.  The complaint may not use the labels "plaintiffs" or "defendants" when asserting the causes of action, but it must name and specify the parties in each count. Failure to do so will result in dismissal for failure to state a claim.

Plaintiffs' First Amended Complaint attempts to allege the following eleven counts:

>    **Count I:** for **excessive force** violations of the **Fourth Amendment** to the United States Constitution, pursuant to 42 U.S.C. § 1983;

>    **Count II:** for **due process** violations of the **Fourteenth Amendment** to the United States Constitution, pursuant to 42 U.S.C. § 1983;

>    **Count III:** for violations of **Title II of the Americans With Disabilities Act** of 1990 ("ADA"), 42 U.S.C. §

12101, _et seq._;

**Count IV:** for **wrongful death** pursuant to Hawaii state law;

**Count V:** for **negligent training** pursuant to Hawaii state law;

**Count VI:** for **negligent supervision** pursuant to Hawaii state law;

**Count VII:** for **negligence** pursuant to Hawaii state law;

**Count VIII:** for **gross negligence** pursuant to Hawaii state law;

**Count IX:** for **intentional infliction of emotional distress** pursuant to Hawaii state law;

**Count X:** for **negligent infliction of emotional distress** pursuant to Hawaii state law;

**Count XI:** for **loss of love, support, and/or consortium** pursuant to Hawaii state law.

**DEFENDANTS' CURRENT MOTION TO DISMISS BEFORE THE COURT**

Defendants City and County of Honolulu and Officer Wayne Silva have filed a Motion to Dismiss the First Amended Complaint.

**COUNT III**

Defendants City and County of Honolulu and Officer Silva seek dismissal as to all claims against them with the exception of Count III pursuant to Title II of the Americans With Disabilities Act.  Count III is not brought against Officer Silva and is not addressed by the City and County in the Motion to Dismiss.  Count III remains.

3

**QUALIFIED IMMUNITY**

Defendant Silva seeks qualified immunity as to the claims for excessive force and due process stated in Counts I and II.

**CLAIMS AGAINST INDIVIDUAL OFFICERS**

Officers Nobriga and Torres have not yet appeared in this action and are not subject to the Motion before the Court.

The pleading issues dismissed here with respect to Officer Silva are also relevant to the claims asserted against Officers Nobriga and Torres in the First Amended Complaint. Plaintiffs are cautioned that there must be sufficient facts to plausibly state a claim for each individual defendant. Plaintiffs cannot generally allege acts as done by "defendants" or "officers" or "police." There must be specific allegations pertaining to the acts of an individual defendant officer in order for each plaintiff to plausibly state a claim against an officer.

**Defendants City and County of Honolulu and Wayne Silva's Motion to Dismiss The First Amended Complaint (ECF No. 32) is GRANTED, IN PART, AND DENIED, IN PART.**

**Plaintiffs are given LEAVE TO AMEND consistent with the rulings set forth in this Order.**

## PROCEDURAL HISTORY

On October 25, 2019, Plaintiffs Steven A. Hyer, individually and as personal representative of the Estate of Steven K. Hyer; Cassi H. Hyer; Theresa L. Chang; Thomas Fujimoto; and James Fujimoto, Jr. filed a Complaint.  (ECF No. 1).

On February 5, 2020, Defendants City and County of Honolulu; Susan Ballard; and Wayne Silva filed DEFENDANTS CITY AND COUNTY OF HONOLULU, SUSAN BALLARD, AND WAYNE SILVA'S MOTION TO DISMISS PORTIONS OF THE COMPLAINT FILED ON OCTOBER 25, 2019.  (ECF No. 12).

On June 10, 2020, the Court held a hearing on the Motion to Dismiss.  (ECF No. 26).

On June 23, 2020, the Court issued an ORDER GRANTING DEFENDANTS CITY AND COUNTY OF HONOLULU, SUSAN BALLARD, AND WAYNE SILVA'S MOTION TO DISMISS PORTIONS OF THE COMPLAINT.  (ECF No. 27).

On July 31, 2020, Plaintiffs Steven A. Hyer, individually and as personal representative of the Estate of Steven K. Hyer; Cassi H. Hyer; and Theresa L. Chang filed a FIRST AMENDED COMPLAINT.  (ECF No. 28).

On August 19, 2020, Defendants City and County of Honolulu and Wayne Silva filed DEFENDANTS CITY AND COUNTY OF HONOLULU AND WAYNE SILVA'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT. (ECF No. 32).

On September 9, 2020, Plaintiffs filed their Opposition.

(ECF No. 34).

On September 18, 2020, Defendants City and County of Honolulu and Wayne Silva filed their Reply. (ECF No. 36).

On October 28, 2020, the Court held a telephonic hearing on Defendants City and County of Honolulu and Wayne Silva's Motion to Dismiss the First Amended Complaint. (ECF No. 48).

## BACKGROUND

**According to the First Amended Complaint:**

On June 22, 2018, at approximately 6:00 p.m., Honolulu police officers were called to the residence of Steven K. Hyer ("Hyer") due to his "bizarre behavior." (First Amended Complaint at ¶¶ 37-38, ECF No. 28). The responding officers spoke with Hyer and left the premises without taking him into custody. (Id. at ¶¶ 60-65).

Two hours later, at approximately 8:00 p.m., Honolulu police officers were called back to the residence. (Id. at ¶ 78). Based on the reports of neighbors indicating Hyer was in need of psychological assistance, the police officers called the on-duty police psychologist. (Id. at ¶¶ 83, 85). The police psychologist instructed the officers to take Hyer to a psychiatric facility for evaluation. (Id. at ¶ 86).

There is little information in the First Amended Complaint as to what occurred following the arrival of police officers at 8:00 p.m. There are allegations that a seven-hour standoff

ensued that included officers from the City and County of Honolulu's Special Weapons And Tactics ("SWAT") Team.  (Id. at ¶¶ 106-07, 127).  There is no information as to why the SWAT Team was called, who called the SWAT Team, and the basis for their presence at the scene.

There are allegations that an unidentified neighbor heard police shouting at Hyer at 11:00 p.m.  (Id. at ¶ 107).  There are allegations based on what the unidentified neighbor heard as to what occurred.  (Id. at ¶¶ 107-24).

There are no allegations as to what occurred between 11:00 p.m. and 2:30 a.m.  The First Amended Complaint jumps in time to approximately 2:30 a.m., on June 23, 2018, when it asserts that Honolulu officers used a bullhorn to talk to Hyer and ask him to come out of his residence.  (Id. at ¶¶ 127-30).  It is also alleged that unidentified officers also used other methods in an effort to detain Hyer.  (Id. at ¶ 149).

The First Amended Complaint asserts that Defendant Officer Paul V. Nobriga served as the field supervisor.  (Id. at ¶ 153).  Plaintiffs claim Defendant Officer Wayne Silva, a K-9 Handler, deployed his police dog, Zero, into Hyer's residence.  (Id. at ¶ 160).  Hyer is alleged to have stabbed police dog Zero.  (Id. at ¶¶ 161, 177-78).  The First Amended Complaint asserts that Hyer was shot by Officer Malo B. Torres and died.  (Id. at ¶ 162).

The plaintiffs named in the First Amended Complaint are as follows:

(1)   Steven A. Hyer, individually and as Personal Representative of the Estate of Steven K. Hyer, who is the Decedent's father (First Amended Complaint at ¶ 4, ECF No. 28);

(2)   Theresa L. Chang, the Decedent's mother (Id. at ¶ 6); and,

(3)   Cassi H. Hyer, the Decedent's wife from whom he was separated (Id. at ¶ 5).

Plaintiffs seek damages against the Defendant City and County of Honolulu and Defendant Officer Silva as a result of the Decedent's death.  Plaintiffs also named Officer Nobriga (the officer who allegedly served as field supervisor) and Officer Torres (the officer who allegedly shot Hyer).  They have not yet appeared and are not subject to the Motion.

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that

contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.  550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Id. (quoting Twombly, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing

Twombly, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Id. (quoting Twombly, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

### Count I

**I.**   **Excessive Force** in violation of the **Fourth Amendment** to the United States Constitution pursuant to 42 U.S.C. § 1983.

#### A.   **Excessive Force Claims Against The Individual Officers**

A plaintiff may challenge actions by government officials that violate the United States Constitution, pursuant to 42 U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage ... subjects,

> or causes to be subjected, any citizen of the United
> States ... to the deprivation of any rights,
> privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper
> proceeding for redress....

42 U.S.C. § 1983.  Section 1983 does not create any

substantive rights.  Cholla Ready Mix, Inc. v. Civish, 382 F.3d

969, 978 (9th Cir. 2004).

To prevail on a Section 1983 claim, a plaintiff must

establish that a right secured by the Constitution or laws of the

United States was violated and that the violation was committed

by a person acting under the color of state law.  West v. Atkins,

487 U.S. 42, 48 (1988).

The First Amended Complaint alleges the Defendant Officers

used excessive force in violation of the Fourth Amendment of the

United States Constitution by deploying a police dog and

subsequently shooting Steven K. Hyer on June 23, 2018.  (First

Amended Complaint at ¶¶ 214-15, ECF No. 28).

The Decedent's estate is represented by Plaintiff Steven A.

Hyer, Steven K. Hyer's father.  As the Court explained in its

prior Order, Plaintiff Steven A. Hyer, as Personal Representative

of the Decedent's estate, is the only Plaintiff that has standing

to assert a Fourth Amendment Excessive Force claim pursuant to

Section 1983.  (June 23, 2020 Order at p. 13, ECF No. 27).

The title of Count I on page 32 of the First Amended

Complaint states that Count I is alleged against "Defendants City

and Nobriga."  (First Amended Complaint at p. 32, ECF No. 28).

11

The substance of the allegations, however, appear to state a claim against the City and County of Honolulu and all three Defendant Officers: Officers Nobriga, Silva, and Torres.  (Id. at ¶¶ 214-25).

Plaintiffs must amend their First Amended Complaint to specify that the excessive force claim is only brought by Plaintiff Steven A. Hyer, on behalf of the Estate of Steven K. Hyer.  Plaintiffs must further specify which individual officers they seek to bring an excessive force claim against.  There must be sufficient facts included to plausibly state a claim against the individual officers.  Plaintiffs are unable to state a claim against an individual officer by stating generic allegations that "officers," "police," or "defendants" did something.  Liability against the individual officer must be premised on the individual officer's actions.

**B.    The Request For Qualified Immunity From The Excessive Force Claim Against Defendant Silva Is Premature**

Defendant Silva seeks dismissal of Count I for excessive force on the basis of qualified immunity.

The doctrine of qualified immunity shields public officials from personal liability when performing discretionary functions, unless their conduct violates a statutory or constitutional right that was clearly established at the time of the challenged conduct.  Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011).  A constitutional right is clearly established when every reasonable

official would have understood that what he is doing violates that right.  Id. at 741; see Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir. 2001).

Clearly established law exists when the contours of a right are sufficiently clear that every reasonable officer would have understood that what he is going violates that right.  al-Kidd, 563 U.S. at 741 (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

The determination whether a right was clearly established must be undertaken by examination of the specific context of the case, not as a broad general proposition.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).  The legal precedent establishing this right must place the question beyond debate.  al-Kidd, 563 U.S. at 741.  The inquiry is case specific but it is not so narrowly defined as to preclude any potential claims without identical fact patterns.  Kelley v. Borg, 60 F.3d 664, 667 (9th Cir. 1995).

Generally, courts follow a two-step inquiry in determining if a government official is entitled to qualified immunity.

First, a court must decide whether the facts that a plaintiff has demonstrated make out a violation of a constitutional right.  Pearson, 555 U.S. at 232.

Second, a court must decide if the right at issue was clearly established at the time of defendant's conduct.  Id.

Determining claims of qualified immunity at the motion to dismiss stage raises special problems for legal decision-making.

<u>Keates v. Koile</u>, 883 F.3d 1228, 1234 (9th Cir. 2018).  It puts the Court in the difficult position of deciding "far-reaching constitutional questions on a non-existent factual record."  <u>Kwai Fun Wong v. United States</u>, 373 F.3d 952, 957 (9th Cir. 2004).

Dismissal based on qualified immunity is not appropriate unless it can be determined based on the complaint alone that qualified immunity applies.  <u>O'Brien v. Welty</u>, 818 F.3d 920, 936 (9th Cir. 2016).

The qualified immunity inquiry is a fact-specific analysis and requires knowledge of all of the material facts of the specific context of the case.  <u>Saucier v. Katz</u>, 533 U.S. 194, 202 (2001).  Qualified immunity is usually inappropriate at the dismissal stage, even when construing the facts in the light most favorable to the non-moving party.  <u>See</u> <u>Morely v. Walker</u>, 175 F.3d 756, 761 (9th Cir. 1999) (finding dismissal based on qualified immunity inappropriate pursuant to Fed. R. Civ. P. 12(b)(6)).

In an excessive force case, the use of force is analyzed pursuant to the Fourth Amendment of the United States and its reasonableness standard.  <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989).  The reasonableness inquiry is an objective one: the question is if the officer's actions are objectively reasonable in light of the facts and circumstances confronting him.  <u>See</u> <u>id.</u> The essence of the reasonableness inquiry is a balancing of the force which was applied against the need for that force.  <u>Liston</u>

v. Cnty. of Riverside, 120 F.3d 965, 976 (9th Cir. 1997).

At this stage of the proceedings, the record is insufficiently developed.  The Court does not have the facts that are necessary for an assessment of the reasonableness standard to determine qualified immunity.  Aguilera v. Molina, 18-cv-03389-HSG, 2020 WL 4050873, *5 (N.D. Cal. July 20, 2020).

Defendant Silva's Motion to Dismiss Count I based on qualified immunity is **DENIED.**

Defendant Silva's request for qualified immunity may be subject to a summary judgment motion.  The Court may rule on qualified immunity where there are no material disputes of fact and where evidence is produced for the Court.

## II.  Section 1983 Municipal Liability

The First Amended Complaint attempts to allege a claim for the excessive use of force against the City and County of Honolulu.

Plaintiffs cannot state a Section 1983 excessive force claim against the Defendant City and County of Honolulu.  There is no respondeat superior liability for excessive force based on the actions of the individual police officers.  Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

It is well established that the only basis for a plaintiff to bring a Section 1983 claim against a municipality is pursuant to Monell v. New York City Dep't of Social Servs., 436 U.S. 658,

691 (1978).

A.    **Section 1983 Claims May Be Brought Against A Municipality Pursuant To <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 658, 691 (1978)**

In its June 23, 2020 Order, the Court explained the requirements for Plaintiffs to state a <u>Monell</u> claim pursuant to Section 1983 against the City and County of Honolulu.  (June 23, 2020 Order at pp. 17-24, ECF No. 27).

Plaintiffs did not address the deficiencies the Court identified in its previous order.  Plaintiffs removed their <u>Monell</u> claim from their previous Complaint and have attempted to state a claim against the City and County of Honolulu based on respondeat superior for excessive force.  Plaintiffs may not assert such a claim as a matter of law.

Plaintiffs argue in their Opposition that although they deleted their <u>Monell</u> claim from the previous Complaint, they believe they have stated sufficient facts to assert a <u>Monell</u> claim against the City and County of Honolulu.  Plaintiffs additionally argue that even if they have failed to allege sufficient facts, they argue that they need discovery in order to properly allege a <u>Monell</u> claim.

Plaintiffs have failed to plausibly state a <u>Monell</u> claim in the First Amended Complaint.  If Plaintiffs seek to state such a claim, they must comply with the requirements of <u>Iqbal</u> and <u>Twombly</u> in order to state a <u>Monell</u> claim as explained below.

16

**B.    Pleading Standard For A <u>Monell</u> Claim**

Prior to 2009, the Ninth Circuit Court of Appeals regularly held that a claim of municipal liability under Section 1983 was sufficient to withstand a motion to dismiss based on nothing more than bare allegations of an unconstitutional policy, practice, or custom.  <u>See</u> <u>Galbraith v. Cnty. of Santa Clara</u>, 307 F.3d 1119, 1127 (9th Cir. 2002).

The low pleading threshold was rejected by the United States Supreme Court in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (explaining that the pleading standard announced in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) applied to all civil cases).  In <u>Iqbal</u>, the Court explained that a claim cannot survive based on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  129 S.Ct. at 1949.  Since <u>Iqbal</u>, courts in the Ninth Circuit have repeatedly rejected <u>Monell</u> claims based on conclusory allegations that lack factual content from which one could plausibly infer municipal liability.  <u>See</u> <u>Via v. City of Fairfield</u>, 833 F.Supp.2d 1189, 1196 (E.D. Cal. 2011) (collecting cases).

In <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011), the Ninth Circuit Court of Appeals synthesized the pleading standards set forth in <u>Twombly</u> and <u>Iqbal</u> and other Supreme Court cases. The Ninth Circuit Court of Appeals explained:

> **[W]e can at least state the following two principles common to all of [the recent Supreme Court cases.] First, to be entitled to the presumption of truth,**

> **allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.**

Starr, 652 F.3d at 1216 (emphasis added).

In AE ex rel Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012), the Ninth Circuit Court of Appeals clarified that the pleading standard articulated in Iqbal and Twombly and further explained in Starr, 652 F.3d at 1216, specifically applies to Monell claims of municipal liability.

Although a plaintiff may benefit from discovery when pleading a Monell claim, the United States Supreme Court has made it clear that threadbare allegations are insufficient to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Via, 833 F.Supp.2d at 1189 (quoting Iqbal, 129 S.Ct. at 1950).

A plaintiff asserting a Monell claim must state sufficiently detailed factual allegations "to give fair notice and to enable the opposing party to defend itself effectively" and which "plausibly suggest an entitled to relief."  Estate of Mendez v. City of Ceres, 390 F.Supp.3d 1189, 1206 (E.D. Cal. June 28, 2019) (quoting Starr, 652 F.3d at 1216) (internal citation and quotation omitted).

18

**C.   Plaintiffs Have Failed To State A <u>Monell</u> Claim**

As an initial matter, Plaintiffs must specify which **individual plaintiffs** are bringing the <u>Monell</u> claim against Defendant City and County of Honolulu and **the standing** upon which the individual plaintiff has for bringing such a claim.

Plaintiffs appear to attempt to state a <u>Monell</u> claim based on two separate theories.

<u>First</u>, a theory of municipal liability based on the existence of an unconstitutional custom or policy.

<u>Second</u>, a theory of municipal liability based on the failure to train or supervise.

**1.   <u>Monell</u> Liability Based On Custom Or Policy**

A plaintiff may assert a <u>Monell</u> claim for municipal liability by demonstrating that an official policy, custom, or pattern on part of the municipality was the actionable cause of the claimed injury.  <u>Tsao v. Desert Palace, Inc.</u>, 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1022 (9th Cir. 2008) (quotation marks omitted)).

**a.   Pleading Standard To State A <u>Monell</u> Claim Based On An Unconstitutional Custom Or Policy**

To bring a claim based on an unconstitutional policy or custom, there must be sufficient allegations that:

(1)  the plaintiff was deprived of a constitutional right;

19

(2)   the municipality had a policy;

(3)   the policy amounted to deliberate indifference to the plaintiff's constitutional right; and,

(4)   the policy was the moving force behind the constitutional violation.

Mabe v. San Bernadino Cnty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1110-11 (9th Cir. 2001).

The policy may be one of action or inaction if it amounts to a failure to protect constitutional rights, but the policy of inaction must be the result of a conscious or deliberate choice made from various alternatives. Lee v. City of L.A., 250 F.3d 668, 681 (9th Cir. 2001).

Courts require a plaintiff to plead multiple incidents of alleged violations in order to allow a Monell claim based on policy, practice, or custom to proceed. Bagley v. City of Sunnyvale, No. 16-cv-02250-JSC, 2017 WL 5068567, *5 (N.D. Cal. Nov. 3, 2017). Liability for improper custom may not be predicated on isolated or sporadic incidents, but it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy. Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996), modified on other grounds in Navarro v. Block, 250 F.3d 729 (9th Cir. 2001); see also Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999).

The existence of a policy of inaction, without more, is insufficient to trigger Monell liability. City of Canton, Ohio

v. Harris, 489 U.S. 378, 389 (1989).  In order to identify the
relevant policy, the plaintiff must provide sufficient
allegations:

> (1)  showing a longstanding practice or custom which
>      constitutes the standard operating procedure of the
>      local government entity;
>
> (2)  showing that the decision-making official was, as a
>      matter of state law, a final policymaking authority
>      whose edicts or acts may fairly be said to represent
>      the official policy in the area of decision; or,
>
> (3)  showing that an official with final policymaking
>      authority either delegated that authority to, or
>      ratified the decision of, a subordinate.

Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir.
2005).

A plaintiff must provide sufficient allegations to
demonstrate that the policy evidences a deliberate indifference
to plaintiff's constitutional rights.  Canton, 489 U.S. at 389.
A plaintiff must demonstrate that a municipal decision reflects
deliberate indifference to the risk that a violation of a
particular constitutional right will follow the decision.  Bd. of
Cnty. Comm'rs of Bryan Cnty., 520 U.S. at 411.

A plaintiff must also demonstrate that the policy is the
moving force behind the ultimate injury.  Oviatt by and through
Waugh v. Pearce, 954 F.2d 1470, 1478 (9th Cir. 1992).  The
identified deficiency in the policy must be closely related to
the injury in order for a policy to be a moving force behind the
deprivation of a constitutional right.  Long v. Cnty. of L.A.,
442 F.3d 1178, 1190 (9th Cir. 2006).  A plaintiff must establish

that the injury would have been avoided if the proper policies had been implemented.  Id.

The Ninth Circuit Court of Appeals has made clear that Monell claims may not simply recite the elements of a cause of action, but they must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to effectively defend itself.  AE ex rel. Hernandez, 666 F.3d at 637.  The plaintiff must also identify the particular policy or custom that caused the constitutional violation without resorting to conclusory statements.  Osuna v. Cnty. of Stanislaus, 392 F.Supp.3d 1162, 1174 (E.D. Cal. 2019).

> **b.   There Are Insufficient Allegations To Plausibly State A Monell Claim Based On An Unconstitutional Custom Or Policy**

Plaintiffs appear to claim that the City and County of Honolulu had a policy or custom of using excessive force on people with mental illness.  (First Amended Complaint at ¶ 88, ECF No. 28).

Plaintiffs have not provided sufficient facts to plausibly state a Monell claim based on such conclusory allegations. Plaintiffs have failed to provide sufficient allegations to plausibly state a claim pursuant to a policy, practice, or custom by the City and County of Honolulu.  Plaintiffs do not explain how the City's policies are deficient or how the custom or policy amounted to deliberate indifference.  Merely alleging that the

Defendants acted with deliberate indifference is conclusory and does not show that the policies' deficiencies were obvious and that constitutional injury was likely to occur.  Herd v. Cnty. of San Bernardino, 311 F.Supp.3d 1157, 1168 (C.D. Cal. 2018).

Here, the First Amended Complaint appears to actually allege that the City and County of Honolulu enacted proper policies. Specifically, the First Amended Complaint cites to the Honolulu Police Department's policies for the use of force and the use of a police dog, along with detailing the City and County's procedures for dealing with persons who appear to suffer from mental illness.  (First Amended Complaint at ¶¶ 72-73, 77, 86-87, 90, 166, 175, ECF No. 28).

Rather than assert a Monell claim based on an unconstitutional policy, the First Amended Complaint alleges that the individual officers did not comply with the City and County of Honolulu's policies.  (Id. at ¶¶ 75-76, 91, 166, 174, 209, 214-16, 228-29, 236).  While such allegations may support a claim against an individual officer, these allegations do not give rise to a Monell claim.

Here, there are no facts detailing a history of incidents or any other basis to demonstrate a policy, practice, or custom by the City and County of Honolulu that caused the alleged injury in this case.  In addition, there are no facts concerning any subsequent action or inaction in the wake of any such previous incidents.  Plaintiffs must assert facts concerning the timing

and similarity of prior incidents as well as assert facts concerning the subsequent municipal action or inaction. Estate of Mendez, 390 F.Supp.3d at 1211. Plaintiffs must demonstrate that the events and subsequent actions were the moving force behind the plaintiff's injury in this case. Id.

Plaintiffs are given leave to amend their First Amended Complaint to include sufficient facts to plausibly state a Monell claim based on improper policy, practice, or custom. Plaintiffs are warned that the Court will not give additional leave to amend such a claim. Plaintiffs must do more than state conclusory allegations and must conform to the pleading standard articulated by the Ninth Circuit Court of Appeals in AE ex rel. Hernandez, 666 F.3d at 637.

### 2.    Monell Liability Based On Failure To Train

A local government entity's failure to train or supervise its employees can create Monell liability where the failure to train or supervise amounts to deliberate indifference to the rights or persons with whom those employees are likely to come into contact. Lee, 250 F.3d at 681. It is only where the failure to train or supervise reflects a deliberate or conscious choice by a municipality that the municipality may be liable. Canton, 489 U.S. at 389.

### a.   Pleading Standard To State A <u>Monell</u> Claim Based On Failure to Train Or Supervise

A plaintiff seeking to bring a <u>Monell</u> claim based on a failure to train or supervise must identify a deficiency in a local governmental entity's training program and must allege sufficient facts to prove that the deficiency is <u>closely related</u> to the ultimate injury.  <u>Lee</u>, 250 F.3d at 681.  A plaintiff must prove that the constitutional injury would have been avoided had the governmental entity trained or supervised its employees properly.  <u>Jackson v. Barnes</u>, 749 F.3d 755, 763 (9th Cir. 2014); <u>Oviatt</u>, 954 F.2d at 1478.  This requires showing that the <u>municipality</u> was on actual or constructive notice that its omission would likely result in a constitutional violation, and not that one of its employees was a poor supervisor.  <u>Jackson</u>, 749 F.3d at 763.  Mere negligence in training or supervision does not give rise to a <u>Monell</u> claim.  <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011).

In addition, a plaintiff must show more than one employee was inadequately trained or supervised; there must be a widespread practice.  <u>Ismail v. Freeman</u>, 936 F.Supp.2d 1157, 1164 (C.D. Cal. 2012) (citing <u>Marsh v. Cnty. of San Diego</u>, 680 F.3d 1148, 1159 (9th Cir. 2012)).

A pattern of similar constitutional violations by untrained employees is necessary to demonstrate deliberate indifference for failure to train.  <u>Connick v. Thompson</u>, 563 U.S. 51, 62 (2011).

Without notice that a course of training is deficient in a particular respect, decisionmakers cannot be said to have deliberately chosen a training program that will cause violations of constitutional rights. Id. The same standard applies for Monell claims based on inadequate supervision. Estate of Mendez, 390 F.Supp.3d at 1208.

### b. There Are Insufficient Allegations To Plausibly State A Monell Claim Based On Failure To Train Or Supervise

To the extent Plaintiffs are attempting to bring a Monell claim based on a failure to train or failure to supervise, the First Amended Complaint does not contain sufficient facts to plausibly state a claim.

Plaintiffs have included no information on the training and supervision provided by the City and County of Honolulu. Plaintiffs make general, conclusory allegations that the City and County of Honolulu did not adequately train or supervise its police officers. (First Amended Complaint at ¶¶ 189, 191-93, ECF No. 28). Such threadbare allegations are insufficient to state a Monell claim against the City and County of Honolulu. Merely alleging that the defendants acted with deliberate indifference (Id. at ¶¶ 194-95) is conclusory and insufficient. Herd, 311 F.Supp.3d at 1168-69.

Plaintiffs have not alleged any information on the City and County of Honolulu disciplining or reprimanding officers,

26

investigations into past incidents, or any specific information placing the City and County of Honolulu on notice as to the inadequacy of its training or supervision.  There are no allegations demonstrating the factual basis to establish widespread failures to train or supervise by the City and County of Honolulu.

Plaintiffs are given leave to amend their First Amended Complaint to include sufficient facts to plausibly state a <u>Monell</u> claim based on inadequate training or supervision.  Plaintiffs are warned that the Court will not give additional leave to amend such a claim.  Plaintiffs must do more than state conclusory allegations and must conform to the pleading standard articulated by the Ninth Circuit Court of Appeals in  <u>AE ex rel. Hernandez</u>, 666 F.3d at 637.

Plaintiffs have failed to state a <u>Monell</u> claim against Defendant City and County of Honolulu.

Plaintiffs are given **LEAVE TO AMEND** for one final opportunity to attempt to state a <u>Monell</u> claim against Defendant City and County of Honolulu.

<u>**Count II**</u>:

<u>**Due Process**</u> violations to the <u>**Fourteenth Amendment**</u> to the United States Constitution pursuant to 42 U.S.C. § 1983.

As the Court explained in its previous order, Plaintiffs Steven A. Hyer, individually, Cassi H. Hyer, and Theresa L. Chang have standing to pursue their Fourteenth Amendment claim for

27

violations of substantive due process based on their personal liberty interests as family members of the decedent.  (June 23, 2020 Order at pp. 15-16, ECF No. 27).

To state a claim for a due process violation pursuant to Section 1983, the Plaintiff family members must assert sufficient facts to demonstrate that the purpose of the Defendant Officers' conduct was to cause harm unrelated to the legitimate object of seizure.  <u>Cnty. of Sacramento v. Lewis</u>, 523 U.S. 833, 836 (1998).

### A.   Requesting Qualified Immunity For The Fourteenth Amendment Due Process Claim Against Defendant Silva Is Premature

Officer Silva seeks qualified immunity as to the Plaintiffs' Fourteenth Amendment due process claim.

As previously explained, dismissal based on qualified immunity is not appropriate unless it can be determined based on the complaint alone that qualified immunity applies.  <u>O'Brien</u>, 818 F.3d at 936.  At this stage of the proceedings, the record is insufficiently developed to allow for an assessment of qualified immunity as to Count II for substantive due process pursuant to the Fourteenth Amendment.  The Court does not have all of the facts that are necessary to determine qualified immunity as to Count II.  <u>Aguilera</u>, 2020 WL 4050873, at *5.

Defendant Silva's Motion to Dismiss Count II for due process violations based on qualified immunity is **DENIED**.

**B.**     **There Are Insufficient Allegations To Plausibly State A Fourteenth Amendment Due Process Claim Against Defendant Silva**

Fourteenth Amendment claims involve actions by police officers that are so egregious that they "shock the conscience." Wilkinson v. Torres, 610 F.3d 546, 554 (9th Cir. 2010). Situations that shock the conscience for purposes of a substantive due process claim are "rare situations where the nature of an officer's deliberate physical contact is such that a reasonable factfinder would conclude that the officer intended to harm, terrorize or kill." Porter v. Osborn, 546 F.3d 1131, 1141 (9th Cir. 2008) (citing Davis v. Township of Hillside, 190 F.3d 167, 174 (3d Cir. 1999)).

The intent to harm standard is a subjective standard of culpability. A.D. v. Cal. Highway Patrol, 712 F.3d 446, 453 (9th Cir. 2013). It is the intent to inflict force beyond that which is required by a legitimate law enforcement objective that shocks the conscience and gives rise to liability. Porter, 546 F.3d at 1140.

The First Amended Complaint contains one factual allegation with particularity relating to Officer Silva as to Plaintiffs' due process claim. The allegation is that Officer Silva "intentionally and knowingly deployed the police dog where the public was not in danger and there was no immediate need to apprehend, in violation of HPD Policy 1.04, section VIII, subsection F (April 24, 2015)." (First Amended Complaint at ¶

236, ECF No. 28).  There are no allegations that the police dog harmed Steven K. Hyer.  The First Amended Complaint alleges that the dog barked once at him.  (Id. at ¶ 162).

The First Amended Complaint provides conclusory allegations that Defendant Silva "acted with deliberate indifference" and engaged in "wrongful conduct [that] shocks the conscience in violation of the Decedent's substantive due process rights under the Fourteenth Amendment to the United States Constitution." (Id. at ¶¶ 239-40).  Conclusory allegations of law are insufficient to state a claim.  Lee, 250 F.3d at 679.

The allegation that Defendant Silva deployed a police dog during a seven-hour standoff that involved a SWAT Team is insufficient to state a Fourteenth Amendment claim.  The allegation is not so extreme such that it "shocks the conscience" as is required to state a Fourteenth Amendment claim.  Porter, 546 F.3d at 1141.  There is no factual basis alleged in the First Amended Complaint to demonstrate that the deployment of the police dog by Officer Silva was done solely with an intent to harm and without a legitimate law enforcement objective. Wilkinson, 610 F.3d at 554-55.

Count II for due process violations against Officer Silva is **DISMISSED WITH LEAVE TO AMEND.**

Plaintiffs are warned that the Court will not give additional leave to amend such a claim.  Plaintiffs must do more than state conclusory allegations and must conform to the

pleading standard articulated by the Ninth Circuit Court of
Appeals in <u>AE ex rel. Hernandez</u>, 666 F.3d at 637.

### C. Plaintiffs Cannot State A Section 1983 Fourteenth Amendment Due Process Claim Against The City And County Of Honolulu

Plaintiffs cannot state a Section 1983 due process claim
pursuant to the Fourteenth Amendment against the Defendant City
and County of Honolulu.  There is no respondeat superior
liability for due process violations based on the actions of the
individual police officers.  <u>Bd. of Cty. Comm'rs</u>, 520 U.S. at
403.

It is well established that the only basis for a plaintiff
to bring a Section 1983 claim against a municipality is pursuant
to <u>Monell</u>.

Count II alleging due process violations against Defendant
City and County of Honolulu is **DISMISSED.**

Plaintiffs are given leave to amend to assert a <u>Monell</u> claim
against Defendant City and County of Honolulu as explained above.

**<u>Count III</u>:**

**<u>Title II of the Americans With Disabilities Act of 1990</u>** ("ADA"),
42 U.S.C. § 12101, et seq.

At the hearing on June 10, 2020, Plaintiffs agreed that
their claim for violations of Title II of the Americans With
Disabilities Act of 1990 may only be brought against the
Defendant City and County of Honolulu.  Plaintiffs may not assert

such a claim against the individual officers.

The Second Amended Complaint shall reflect which individual plaintiffs are bringing this claim.  It shall specify that this claim is brought solely against the Defendant City and County of Honolulu.  It shall set forth the basis for each individual plaintiff's standing to assert such a claim.

**Count IV:**

**Wrongful Death**

Hawaii's wrongful death statute allows recovery where "the death of a person is caused by the wrongful act, neglect, or default of any person."  Haw. Rev. Stat. § 663-3.  Under Hawaii law, a wrongful death action can be brought by the deceased's legal representative, mother, father, children, and surviving spouse, among others.  Id.

Plaintiffs Steven A. Hyer, individually and as the Personal Representative of the Estate of Steven K. Hyer; Cassi H. Hyer, Decedent's wife; and, Theresa L. Chang, Decedent's mother, all have standing to bring a wrongful death action pursuant to Hawaii's wrongful death statute.

The First Amended Complaint contains general and conclusory allegations as to actions by the "defendants."  The First Amended Complaint asserts conclusory allegations as to acts allegedly conducted by Officers Nobriga, Silva, and Torres.

Plaintiffs must specifically allege the wrongful act or

32

neglect that each individual Defendant performed.  Plaintiffs must state sufficient facts to establish how the alleged wrongful act by each individual defendant caused Steven K. Hyer's death in order to properly state a claim.

Count IV for wrongful death is **DISMISSED WITH LEAVE TO AMEND**.

**Count V:**
**Negligent Training**

**Count VI:**
**Negligent Supervision**

Pursuant to Hawaii law, before a plaintiff can establish a claim for negligent training or negligent supervision, the plaintiff must provide sufficient allegations that the employer knew or should have known of the necessity and opportunity for exercising such control.  Otani v. City & Cnty. of Haw., 126 F.Supp.2d 1299, 1308 (D. Haw. 1998).

The key to any claim for negligent training or supervision is foreseeability.  If an employer has not been put on notice of the necessity for exercising a greater degree of control or supervision over a particular employee, the employer cannot be held liable as a matter of law.  Id.  If an employer has not been put on notice of the necessity for such training or supervision, the employer cannot be held liable as a matter of law.  Hyun Ju Park v. City and Cnty. of Honolulu, 292 F.Supp.3d 1080, 1102 (D. Haw. 2018).

The First Amended Complaint fails to sufficiently state a claim for either negligent training or negligent supervision because there are no allegations as to foreseeability.  The complaint must identify the basis for the City and County to have been put on notice as to a particular employee who caused Plaintiffs' purported injury.  The complaint must set forth the factual basis for the need for the City and County of Honolulu to have exercised greater control over the particular employee. General allegations that the City and County of Honolulu should have exercised greater control over all of its police officers are insufficient to state a negligent training or supervision claim.  Hollandsworth v. City and Cnty. of Honolulu, 440 F.Supp.3d 1163, 1181-82 (D. Haw. 2020).

Again, the First Amended Complaint does not set forth which individual plaintiff is bringing the negligent training or negligent supervision claims.  It does not set forth the basis for each individual plaintiff to have standing to bring such claims.  In addition, it makes conclusory and general allegations as to acts performed by "officers" or "defendants."  Plaintiffs must particularize how the City and County of Honolulu was put on notice as to each individual officer it claims was negligently trained or supervised.

There are additional faults in the First Amended Complaint as to Plaintiffs' negligent training and negligent supervision claims.

**A.    Negligent Training**

The elements of a negligent training claim have not been established by the Hawaii state courts.  Vargas v. City and Cnty. Of Honolulu, Civ. No. 19-00116 LEK-WRP, 2020 WL 3547941, *20-21 (D. Haw. June 30, 2020).

While there is no Hawaii case directly on point, the California courts give some guidance in their state law requiring a plaintiff seeking relief on a negligent training cause of action to allege that (1) the employer negligently trained the employee regarding the performance of his job duties, (2) which led the employee, in the course of executing his job duties, (3) to cause an injury or damages to the plaintiff.  Garcia ex rel. Marin v. Clovis Unified Sch. Dist., 627 F.Supp.2d 1187, 1208 (E.D. Cal. 2009).

There are no allegations in the First Amended Complaint concerning the training provided to the individual police officers involved in this case.  There are also no allegations as to why the training was deficient and how it led a particular officer to cause any of the individual Plaintiffs' injury. Plaintiffs' conclusory allegations that the police officers received inadequate training and that the inadequate training caused harm are insufficient to plausibly state a claim.

Count V for Negligent Training against Defendant City and County of Honolulu is **DISMISSED WITH LEAVE TO AMEND.**

**B.   Negligent Supervision**

Hawaii law recognizes two types of claims alleging negligent supervision: one that seeks relief from acts occurring outside the scope of employment, and one that seeks relief from acts that happened in the scope of employment. Black v. Correa, No. CV 07-00299 DAE-LK, 2007 WL 3195122, at *10-11 (D. Haw. Oct. 30, 2007).

The First Amended Complaint seeks to hold the City and County of Honolulu liable on the basis that it negligently failed to supervise its officers, who acted "in the course and scope of said agency and employment." (First Amended Complaint at ¶¶ 13-15, ECF No. 28).

A negligent supervision claim based on allegations that the officers acted within the scope of their employment is based on the respondeat superior theory of liability. Black, 2007 WL 3195122 at *10-11. To state a claim, Plaintiffs must allege the four elements of negligence: duty, breach, causation, damages, and assert what specific acts each officer negligently did within the scope of his employment that the County failed to properly supervise. Dowkin v. Honolulu Police Dep't, Civ. No. 10-00087 SOM-LK, 2010 WL 4961135, at *3 (D. Haw. Nov. 30, 2010).

Just as with the negligent training claim, Plaintiffs have not sufficiently alleged the basis that would put the City and County of Honolulu on notice for a need to exercise a greater degree of supervision over the particular Defendant Officers. In addition, there are no facts as to what supervision was required

as to a particular officer and why such supervision would have prevented the alleged harm to Plaintiffs.  General allegations that the City and County of Honolulu negligently supervised all of the officers are insufficient to state a claim against the City and County.

Count VI for Negligent Training against Defendant City and County of Honolulu is **DISMISSED WITH LEAVE TO AMEND**.

**Count VII:**
**Negligence**

**Count VIII:**
**Gross Negligence**

**Count IX:**
**Intentional Infliction Of Emotional Distress**

**Count X:**
**Negligent Infliction Of Emotional Distress**

**Count XI:**
**Loss Of Love, Support, And/Or Consortium**

**A.   Claims Against Individual Defendants**

The First Amended Complaint generally alleges Counts VII through XI against "all defendants" by all Plaintiffs without specifying the basis for standing for the individual plaintiffs. The First Amended Complaint contains general and conclusory allegations as to actions by the "defendants."  The First Amended Complaint asserts conclusory allegations as to acts by Officers Nobriga, Silva, and Torres.  Plaintiffs must specifically allege the acts performed by each individual defendant.  Plaintiffs must

articulate how the actions of the individual defendant fulfill the elements necessary to state a claim for negligence, gross negligence, intentional and/or negligent infliction of emotional distress.  Plaintiffs may not state conclusory allegations that a defendant's action was "negligent" or caused injury.  Plaintiffs must state sufficient facts to establish how the acts by the individual defendant amounted to negligence.

## B.   Conditional Privilege As To Officer Silva For State Law Claims

Hawaii law provides non-judicial government officials with conditional privilege for tortious actions made in the performance of their public duties.  Towse v. State of Hawaii, 647 P.2d 696, 702 (Haw. 1982); Kaahu v. Randall, Civ. No. 14-00266 HG-RLP, 2018 WL 472996, *12 (D. Haw. Jan. 18, 2018). The privilege shields officials from liability unless a plaintiff can establish that the official's conduct was motivated by actual malice.  Griego v. Cnty. of Maui, Civ. No. 15-00122 SOM-KJM, 2017 WL 1173912, *22 (D. Haw. Mar. 29, 2017).  Hawaii law provides that when there is clear and convincing evidence that the government official acted with actual malice, and not by an otherwise proper purpose, "the cloak of immunity is lost and the official must defend the suit the same as any other defendant." Id. (internal citation omitted).

Actual malice is defined in its "ordinary and usual sense." Awakuni v. Awana, 165 P.3d 1027, 1042 (Haw. 2007).  The Hawaii

Supreme Court in Awakuni utilized Black's Law Dictionary
definitions of "maliciousness" and "malice" as follows: (1)
"substantially certain to cause injury and without just cause or
excuse"; (2) "the intent, without justification or excuse, to
commit a wrongful act, reckless disregard of the law or of a
person's legal rights"; and (3) "ill will; wickedness of heart."
Id. (quoting Black's Law Dictionary 976 (8th ed. 2004)).  Courts
have explained that a plaintiff can state a negligence claim
against a non-judicial official only if the plaintiff has
adequately alleged that the official recklessly disregarded the
law or the plaintiff's legal rights.  Cornel v. Hawaii, Civ. No.
19-00236 JMS-RT, 2020 WL 3271934, *4 (D. Haw. June 17, 2020).
The plaintiff must provide sufficient facts to plausibly allege
that the official was motivated by malice and not by an otherwise
proper purpose.  Id.; see Bartolome v. City & Cnty. of Honolulu,
Civ. No. 06-00176 SOM-LK, 2008 WL 942573, at *10 (D. Haw. Apr. 8,
2008).

Plaintiffs' state law claims do not plausibly allege
sufficient facts to establish that Defendant Silva was motivated
by actual malice.  The First Amended Complaint contains
conclusory allegations that Officer Silva "acted with malice,"
and "intentionally, willfully, and/or with reckless disregard
violated clearly established statutory or constitutional rights."
(First Amended Complaint at ¶ 201, ECF No. 28).  Such conclusory
allegations of law are insufficient to state a claim.  Lee, 250

F.3d at 679.

The factual allegations state that Officer Silva deployed the police dog named Zero during a seven-hour standoff with police. (First Amended Complaint at ¶¶ 155-60, ECF No. 28). The First Amended Complaint asserts that the deployment was "[w]ithout any warning and without a search warrant." (Id. at ¶ 160). The allegations assert that Officer Silva's decision to deploy the police dog was "excessive and or/unreasonable." (Id. at ¶ 166).

In order to plausibly state a state law tort claim, there must be sufficient factual allegations to establish that Officer Silva was motivated by malice or that his actions were without a legitimate purpose. Awakuni, 165 P.3d at 1042. The First Amended Complaint has failed to set forth sufficient factual allegations to demonstrate that Officer Silva was motivated by malice when deploying the police dog.

In addition, although Officer Nobriga and Officer Torres have not yet appeared, there are insufficient allegations to plausibly conclude that either officer was motivated by malice when seeking to detain Steven K. Hyer.

The following counts are **DISMISSED WITH LEAVE TO AMEND:**

Count VII: Negligence;

Count VIII: Gross Negligence;

Count IX: Intentional Infliction Of Emotional Distress;

40

Count X: Negligent Infliction Of Emotional Distress;

Count XI: Loss Of Love, Support, And/Or Consortium.

Plaintiffs are given leave to amend to plead sufficient facts to plausibly allege that each individual officer was motivated by malice and not by an otherwise proper purpose.

The Court will provide Plaintiffs with one final opportunity to properly allege state law claims against the individual officers.


**Request For Punitive Damages**

It is well established that a municipality is immune from punitive damages pursuant to 42 U.S.C. § 193, as well as pursuant to Hawaii state law.  Newport v. Fact Concerts, 453 U.S. 247, 271 (1981); Lauer v. YMCA, 557 P.2d 1334, 1342 (Haw. 1976).

To obtain punitive damages for a violation of Section 1983, a plaintiff must prove that the individual defendant officer's conduct was malicious, oppressive, or in reckless disregard of the plaintiff's rights.  Dang v. Cross, 422 F.3d 800, 810-11 (9th Cir. 2005).  An award of punitive damages pursuant to Hawaii state law requires a plaintiff to prove by clear and convincing evidence that the defendant acted "wantonly or oppressively or with such malice as implies a spirt of mischief or criminal indifference to civil obligations; or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences."

41

<u>Masaki v. Gen. Motors Corp.</u>, 780 P.2d 566, 572 (Haw. 1989)
(internal quotations omitted).

The First Amended Complaint fails to provide sufficient
allegations to recover punitive damages against the individual
officers.  As explained above, there are insufficient facts to
conclude that Officer Silva was motivated by malice and without a
legitimate purpose when deploying the police dog.  There are also
insufficient facts provided as to the actions of Officers Nobriga
and Torres to conclude that they were acting without a legitimate
purpose when they attempted to detain Steven K. Hyer.

**Plaintiffs' request for punitive damages as to the
individual officers is DISMISSED WITH LEAVE TO AMEND.**

Plaintiffs were already given leave to amend to plead
sufficient allegations concerning punitive damages as to
Defendant Silva and have failed to do so.  The Court is providing
Plaintiffs with one final opportunity to properly allege a claim
for punitive damages.

## <u>CONCLUSION</u>

Defendant City and County of Honolulu and Wayne Silva's
Motion to Dismiss the First Amended Complaint (ECF No. 32) is
**GRANTED, IN PART, AND DENIED, IN PART.**

Defendant Wayne Silva's Motion to Dismiss based on Qualified
Immunity as to Counts I and II is **DENIED.**

Count III of the Complaint against the City and County of

Honolulu remains.

All other claims are **DISMISSED WITH LEAVE TO AMEND.**

Plaintiffs must specify which individual plaintiffs are bringing which claims against which defendant and the standing upon which the individual plaintiff has for bringing each claim.

**Plaintiffs are Granted Leave To Amend The Following Claims Against The Individual Officers:**

Count I:        **Excessive force** violations of the **Fourth Amendment** to the United States Constitution, pursuant to 42 U.S.C. § 1983;

Count II:       **Due process** violations of the **Fourteenth Amendment** to the United States Constitution, pursuant to 42 U.S.C. § 1983;

Count IV:       **Wrongful death** pursuant to Hawaii state law;

Count VII:      **Negligence** pursuant to Hawaii state law;

Count VIII:     **Gross negligence** pursuant to Hawaii state law;

Count IX:       **Intentional infliction of emotional distress** pursuant to Hawaii state law;

Count X:        **Negligent infliction of emotional distress** pursuant to Hawaii state law;

Count XI:       **Loss of love, support, and/or consortium** pursuant to Hawaii state law.

**Request for Punitive Damages**

**Plaintiffs are Granted Leave To Amend The Following Claims Against The City And County Of Honolulu:**

**Municipal Liability** under <u>Monell</u> pursuant to 42 U.S.C. § 1983;

Count III:      Violations of **Title II of the Americans With Disabilities Act** of 1990 ("ADA"), 42 U.S.C. §

12101, *et seq.*;

| | |
|---|---|
| **Count IV:** | **Wrongful death** pursuant to Hawaii state law; |
| **Count V:** | **Negligent training** pursuant to Hawaii state law; |
| **Count VI:** | **Negligent supervision** pursuant to Hawaii state law; |
| **Count VII:** | **Negligence** pursuant to Hawaii state law; |
| **Count VIII:** | **Gross negligence** pursuant to Hawaii state law; |
| **Count IX:** | **Intentional infliction of emotional distress** pursuant to Hawaii state law; |
| **Count X:** | **Negligent infliction of emotional distress** pursuant to Hawaii state law; |
| **Count XI:** | **Loss of love, support, and/or consortium** pursuant to Hawaii state law. |

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**LEAVE TO AMEND**:

Plaintiffs are given **LEAVE TO AMEND** and may file a Second Amended Complaint on or before Tuesday, January 12, 2021.  The Second Amended Complaint must conform to the rulings contained in this Order.

Plaintiffs may not allege any new causes of action in the Second Amended Complaint.  Plaintiffs may not add any additional Defendants in the Second Amended Complaint.

Failure to file a Second Amended Complaint on or before Tuesday, January 12, 2021, will result in automatic dismissal with prejudice of all of the counts dismissed in this Order.

IT IS SO ORDERED.

DATED: November 30, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Steven A. Hyer, Individually and as Personal Representative of The Estate of Steven K. Hyer; Cassi H. Hyer; Theresa L. Chang v. City and County of Honolulu; Paul V. Nobriga, in his individual capacity; Wayne Silva, in his individual capacity; Malo B. Torres, in his individual capacity; Civil No. 19-00586 HG-RT; **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS CITY AND COUNTY OF HONOLULU AND WAYNE SILVA'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (ECF No. 32)**

45