IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN A. HYER, Individually and as Personal Representative of the Estate of Steven K. Hyer; CASSI H. HYER; THERESA L. CHANG, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU; PAUL V. NOBRIGA, in his individual capacity; WAYNE SILVA, in his individual capacity; MALO B. TORRES, in his individual capacity, <br><br> Defendants. | CIV. NO. 19-00586 HG-RT |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS CITY AND COUNTY OF HONOLULU, PAUL V. NOBRIGA, WAYNE SILVA, AND MALO B. TORRES'S MOTION FOR PARTIAL DISMISSAL OF THE SECOND AMENDED COMPLAINT (ECF No. 58)**

This lawsuit arises following a seven-hour standoff on June 22 and June 23, 2018, ending with Steven K. Hyer's death.

On January 26, 2021, Plaintiffs filed a Second Amended Complaint in response to this Court's two separate orders ruling on Defendants' previous motions to dismiss.

The Second Amended Complaint names the City and County of Honolulu and three Honolulu police officers in their individual capacities as Defendants.

Plaintiffs' Second Amended Complaint alleges thirteen counts:

**Count I:**   for **Warrantless Entry** violations of the **Fourth Amendment** to the United States Constitution, pursuant to 42 U.S.C. § 1983 against the **Individual Officers**;

**Count II:**   for **Excessive Force** violations of the **Fourth Amendment** to the United States Constitution, pursuant to 42 U.S.C. § 1983 against the **Individual Officers**;

**Count III:**   for **Monell Liability[1] for Inadequate Training** pursuant to 42 U.S.C. § 1983 against **the City and County of Honolulu**;

**Count IV:**   for **Monell Liability for Unconstitutional Custom, Practice, or Policy** pursuant to 42 U.S.C. § 1983 against **the City and County of Honolulu**;

**Count V:**   for violations of **Title II of the Americans With Disabilities Act** of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. against **the City and County of Honolulu**;

**Count VI:**   for **Negligent Training** pursuant to Hawaii state law against **the City and County of Honolulu**;

**Count VII:**   for **Negligent Supervision** pursuant to Hawaii state law against **the City and County of Honolulu**;

**Count VIII:**   for **Wrongful Death** pursuant to Hawaii state law against **all Defendants**;

**Count IX:**   for **Negligence** pursuant to Hawaii state law against **all Defendants**;

**Count X:**   for **Gross Negligence** pursuant to Hawaii state law against **all Defendants**;

**Count XI:**   for **Intentional Infliction of Emotional Distress**

---

[1] The City and County of Honolulu may be considered a "person" under limited circumstances for purposes of filing suit pursuant to 42 U.S.C. § 1983. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978). Under Monell, a municipality may be liable for a Section 1983 claim if the governmental body itself subjects a person to a deprivation of constitutional rights or causes a person to be subjected to such deprivation. Connick v. Thompson, 563 U.S. 51, 60 (2011).

pursuant to Hawaii state law against **all Defendants**;

Count XII: for **Negligent Infliction of Emotional Distress** pursuant to Hawaii state law against **all Defendants**;

Count XIII: for **Loss of Love, Support, and/or Consortium** pursuant to Hawaii state law against **all Defendants**.

**DEFENDANTS' CURRENT MOTION FOR PARTIAL DISMISSAL BEFORE THE COURT**

Defendants City and County of Honolulu, and individual Officers Paul V. Nobriga, Wayne Silva, and Malo B. Torres ("Individual Officers") have filed a Motion for Partial Dismissal of the Second Amended Complaint, as to the following causes of action:

**Count I: Warrantless Entry Against The Individual Officers**

Defendants City and County of Honolulu and the Individual Officers seek dismissal of Count I for Warrantless Entry because Plaintiffs did not have leave to assert a new cause of action in the Second Amended Complaint. There is no legal or factual basis for a warrantless entry claim; therefore, the claim is **DISMISSED WITH PREJUDICE.**

**Counts III & IV: Monell Claims Against Defendant City and County of Honolulu**

Defendant City and County of Honolulu seeks dismissal of Counts III and IV for Monell liability because Plaintiffs failed

3

to state a plausible claim for inadequate training of the officers.  There are insufficient facts alleged by Plaintiffs to state a claim for unconstitutional custom, practice, or policies by the police department.  Plaintiffs have twice been granted leave to amend their Monell claims and have failed to adequately plead such a claim.  Further amendment would be futile, and Plaintiffs' claims for Monell liability are **DISMISSED WITH PREJUDICE.**

### Count V: ADA Claim Against The City and County of Honolulu

Defendant City and County of Honolulu seeks dismissal of Count V pursuant to the Americans With Disabilities Act. Plaintiffs assert Steven K. Hyer was not a qualified individual under the law and claim there are no allegations that he was discriminated against on account of his disability.  Plaintiffs' ADA claim turns on questions of fact that cannot be resolved in a Motion to Dismiss.

Defendants' Motion to Dismiss as to Count V is **DENIED.**

### Counts VI & VII: Negligent Training & Negligent Supervision Against the City and County of Honolulu

Defendant City and County of Honolulu seeks dismissal of Counts VI and VII for negligent training and negligent supervision pursuant to Hawaii state law.  In their third complaint, the Plaintiffs have failed to allege sufficient facts

to support either claim.  There are no allegations of facts demonstrating that the police department was aware or should have been put on notice that the Individual Officers' training was insufficient.  There are no allegations demonstrating that the Individual Officers required specific supervision based on past experiences or incidents.  Plaintiffs have been given sufficient time and opportunity to amend their complaint and further amendment would be futile.  Plaintiffs' claims for Negligent Training and Negligent Supervision pursuant to Hawaii state law are **DISMISSED WITH PREJUDICE.**

**Remaining State Law Claims: Conditional Privilege As To The Individual Officers**

Defendants City and County of Honolulu and the Individual Officers assert that all of Plaintiffs' state law tort claims fail as a matter of law because the Individual Officers are entitled to conditional privilege.  Plaintiffs' remaining state law claims and the issues regarding the applicability of conditional privilege turn on questions of fact that cannot be resolved in a Motion to Dismiss.

Defendants' Motion to Dismiss as to the remaining state law claims based on conditional privilege is **DENIED.**

Defendants City and County of Honolulu, Paul V. Nobriga, Wayne Silva, and Malo B. Torres's Motion For Partial Dismissal Of The Second Amended Complaint (ECF No. 58) is **GRANTED, IN PART, AND DENIED, IN PART.**

5

## PROCEDURAL HISTORY

On October 25, 2019, Plaintiffs Steven A. Hyer, individually and as personal representative of the Estate of Steven K. Hyer; Cassi H. Hyer; Theresa L. Chang; Thomas Fujimoto; and James Fujimoto, Jr. filed a Complaint.  (ECF No. 1).

On February 5, 2020, Defendants City and County of Honolulu; Susan Ballard; and Wayne Silva filed DEFENDANTS CITY AND COUNTY OF HONOLULU, SUSAN BALLARD, AND WAYNE SILVA'S MOTION TO DISMISS PORTIONS OF THE COMPLAINT FILED ON OCTOBER 25, 2019.  (ECF No. 12).

On June 10, 2020, the Court held a hearing on the Motion to Dismiss.  (ECF No. 26).

On June 23, 2020, the Court issued an ORDER GRANTING DEFENDANTS CITY AND COUNTY OF HONOLULU, SUSAN BALLARD, AND WAYNE SILVA'S MOTION TO DISMISS PORTIONS OF THE COMPLAINT.  (ECF No. 27).

On July 31, 2020, Plaintiffs Steven A. Hyer, individually and as personal representative of the Estate of Steven K. Hyer; Cassi H. Hyer; and Theresa L. Chang filed a FIRST AMENDED COMPLAINT.  (ECF No. 28).

On August 19, 2020, Defendants Wayne Silva and the City and County of Honolulu filed a Motion to Dismiss the First Amended Complaint.  (ECF No. 32).

On October 28, 2020, the Court held a hearing on Defendants City and County of Honolulu and Wayne Silva's Motion to Dismiss

the First Amended Complaint.  (ECF No. 48).

On November 30, 2020, the Court issued an ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS CITY AND COUNTY OF HONOLULU AND WAYNE SILVA'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT.  (ECF No. 49).  Plaintiffs were granted until January 12, 2021 to file a Second Amended Complaint.  (Id.)

On January 11, 2021, Plaintiffs filed an EX PARTE MOTION FOR FIRST EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT.  (ECF No. 51).

On January 12, 2021, the Court issued a Minute Order granting Plaintiffs' Motion for Extension of Time.  (ECF No. 52).

On January 26, 2021, Plaintiffs filed their Second Amended Complaint.  (ECF No. 55).

On February 16, 2021, Defendants City and County of Honolulu, Paul V. Nobriga, Wayne Silva, and Malo B. Torres filed a MOTION FOR PARTIAL DISMISSAL OF THE SECOND AMENDED COMPLAINT AND ATTENDANT MOTION FOR AN ENLARGEMENT OF TIME TO ANSWER THE SECOND AMENDED COMPLAINT.  (ECF No. 58).

On March 12, 2021, Plaintiffs filed their Opposition.  (ECF No. 61).

On March 29, 2021, Defendants filed their Reply.  (ECF No. 63).

On April 22, 2021, the Court held a hearing on Defendants' Motion for Partial Dismissal of the Second Amended Complaint. (ECF No. 68).

## BACKGROUND

**According to the Second Amended Complaint:**

On June 22, 2018, at approximately 5:53 p.m., Honolulu police officers were called to the residence of Steven K. Hyer ("Hyer").  (Second Amended Complaint at ¶ 23, ECF No. 55).  Hyer lived in a rental house where several individuals lived in the main house, and Hyer rented a bedroom and bathroom located in the back of the home that could only be entered from a sliding glass door that opened onto a small wooden deck.  (Id. at ¶ 15).

Hyer's housemates had called police, claiming Hyer was "threatening everybody" and "was delusional."  (Id. at ¶ 23). The Second Amended Complaint alleges that Hyer accused a housemate of Satanic worship and claimed there were body parts hidden in the walls of the house.  (Id.)  Responding officers spoke with Hyer, decided not to take him into custody, and left the premises.  (Id. at ¶¶ 24-29).

Two hours later, at approximately 7:55 p.m., Honolulu police officers were called back to the residence.  (Id. at ¶ 31).  The police officers arriving at the scene found Hyer agitated and incoherent.  (Id. at ¶ 32).  The officers heard Hyer's voice yelling threats to harm his neighbors.  (Id.)  The police officers called the police psychologist who instructed them take Hyer to a psychiatric facility for evaluation.  (Id. at ¶¶ 33-34).

Following instructions from the police psychologist, the

officers approached Hyer and asked him to come out of his residence.  (Id. at ¶ 35).  Hyer refused and became increasingly confrontational.  (Id.)

Police officers ordered Hyer to open the gate to his deck, the only access point to Hyer's room.  (Id.)  Hyer unlatched the gate, retreated into his room, and closed the sliding glass door. (Id.)  Officers observed Hyer holding a knife in his right hand through the glass door.  (Id.)  Officers ordered Hyer to drop the knife, but he refused.  (Id. at ¶ 36).  Hyer pounded on the glass door with the knife and told officers "go ahead just kill me." (Id.).

At approximately 9:01 p.m., Hyer, while still holding the knife, opened the sliding glass door about a foot wide.  (Id. at ¶ 37).  Officer Frances Bolibol instructed Hyer to drop the knife several times, but Hyer refused.  (Id. at ¶ 38).  Officer Bolibol deployed a Taser, in dart mode, striking Hyer in the chest. (Id.)  Hyer fell backward but quickly got up and closed and locked the sliding glass door.  (Id.)

The Second Amended Complaint alleges that a neighbor heard unidentified police officers call Hyer "delinquent" and a "coward."  (Id. at ¶ 39).

At approximately 9:30 p.m., an officer noticed that Hyer had barricaded himself inside his room and armed himself with a bow and arrow.  (Id. at ¶¶ 41-43, 48-51).  Officers observed Hyer had multiple knives.  (Id. at ¶ 49).  A decision was made to activate

the Special Services Division and the SWAT Team .  (<u>Id.</u> at ¶ 51).

The Second Amended Complaint states that 14 patrol officers and 23 SWAT officers were called to the scene.  (<u>Id.</u>)  Officers set up a roadblock to ensure public safety and to contain Hyer.  (<u>Id.</u>)

According to the Second Amended Complaint, Defendant Officer Paul V. Nobirga was assigned to lead the SWAT Team.  (<u>Id.</u> at ¶ 48).  It is alleged that Officer Nobriga instructed the SWAT Team to break the window to Hyer's bathroom to block Hyer's access to the water in the bathroom, once tear gas was deployed.  (<u>Id.</u> at ¶ 53).

In response to the broken window, Hyer wielded a white stick.  (<u>Id.</u> at ¶¶ 53, 55-56).  Officers told Hyer multiple times that they did not want to hurt him and asked him to end the standoff peacefully.  (<u>Id.</u> at ¶ 56).  Hyer began striking the glass door with the white stick.  (<u>Id.</u>)  Hyer exposed himself, stuck up his middle fingers, and yelled profanities at the officers.  (<u>Id.</u> at ¶¶ 56, 59, 61).

According to the Second Amended Complaint, at approximately 2:20 a.m. on June 23, 2018, officers deployed ten rounds of tear gas into Hyer's room.  (<u>Id.</u> at ¶ 63).  Hyer remained in the tear gas environment for nearly thirty minutes.  (<u>Id.</u>)  Hyer did not seem to be affected by the gas.  (<u>Id.</u>)  Hyer yelled, "The gas ain't working, fuck you, you guys are making fools of yourselves, come in here, one on one."  (<u>Id.</u> at ¶ 72).

10

According to the Second Amended Complaint, Officer Nobriga instructed Defendant Officer Wayne Silva to prepare police dog Zero to aid in detaining Hyer.  (Id. at ¶ 69).  Officer Silva told Hyer, "This is the Police, give yourself up now or I'm sending in my dog and he will bite."  (Id. at ¶ 73).  Hyer refused to comply with Officers' orders.  (Id.)  Police dog Zero was released and bit Hyer on his left arm.  (Id. at ¶ 75).

According to the Second Amended Complaint, Hyer was armed with a bow and arrow and stabbed Zero multiple times in the head. (Id. at ¶ 75-78).

The Second Amended Complaint states that while Hyer was stabbing the police dog, Officer Malo B. Torres instructed Hyer to drop the weapon.  (Id. at ¶ 78).  The Second Amended Complaint cites to Officer Torres' police report where he claims he observed Hyer load an arrow into the bow and began to pull the arrow to the rear.  (Id.)  Officer Torres reported he fired three rounds in succession, causing Hyer to immediately drop the bow and arrow and he fell.  (Id.)

Hyer was transported to the hospital.  (Id. at ¶ 79).  Hyer was pronounced dead at 3:21 a.m.  (Id.)

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule

(8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.  550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555.

In Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated that "the pleading standard Rule 8 announces does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

### Count I

**Warrantless Entry** in violation of the **Fourth Amendment** to the United States Constitution pursuant to 42 U.S.C. § 1983 against the **Individual Officers**

### A.   New Claim For Warrantless Entry

In its November 30, 2020 Order, the Court granted the Defendants' Motion to Dismiss the First Amended Complaint, in part, and granted Plaintiffs leave to amend their claims.  In the Order, the Court specifically instructed Plaintiffs that they may not allege any new causes of action in the Second Amended Complaint without leave of court.  (November 30, 2020 Order at p. 45, ECF No. 49).

Plaintiffs never raised a claim for warrantless entry in the original Complaint, the First Amended Complaint, or in Plaintiffs' Opposition to the First and Second Motions to Dismiss.  Plaintiffs merely alleged that the Defendant police officers entered Hyer's residence without a warrant.  Merely alleging in previous complaints that a warrant was not obtained does not allege, or give notice of, a claim for warrantless entry.  See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); Lyden v. Nike, Inc., 2013 WL 6190964, *2 (D. Or. Nov. 26, 2013). Plaintiffs have not set forth a legal basis for a warrantless entry claim and did not allege sufficient facts to plausibly support such a claim.

In the Second Amended Complaint, Plaintiffs have, for the

first time, attempted to assert a warrantless entry claim without leave of court to add an additional cause of action.

Federal Rule of Civil Procedure 15(a) explains that a party may amend a pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a).  It is within a district court's discretion to deny leave to amend a complaint to add causes of action after a plaintiff failed to cure deficiencies by amendments previously allowed.  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

The Court denies Plaintiffs leave to add a cause of action for warrantless entry.  Russell v. BAC Home Loans Servicing, L.P., Civ. No. 11-00277 HG-KSC, 2012 WL 13018814, *6 (D. Haw. Dec. 26, 2012) (denying leave to amend to add a cause of action where the court's previous order on a motion to dismiss did not permit plaintiff to add additional causes of action to an amended complaint).

**B.    Plaintiffs Have Failed To Plead A Plausible Warrantless Entry Claim**

Even if Plaintiffs had been given leave to add such a claim, Plaintiffs have failed to state a plausible claim based on an allegedly unconstitutional warrantless entry.

Warrants are generally required to enter a person's home unless the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment.  Mincey v.

15

<u>Arizona</u>, 437 U.S. 385, 393 (1978).  One exigency obviating the
requirement of a warrant is the need to assist persons to protect
life or avoid serious injury.  <u>Id.</u>  Law enforcement officers may
enter a home without a warrant to protect an individual from
imminent injury when violence or threats of violence have
occurred.  <u>Brigham City, Utah v. Stuart</u>, 547 U.S. 398, 403-04
(2006).  The individual officer's state of mind is irrelevant as
long as the circumstances viewed objectively justify the action.
<u>Bond v. United States</u>, 529 U.S. 334, 338 (2000).

Here, construing the Second Amended Complaint's allegations
as true for purposes of Defendants' Motion, Plaintiffs have
failed to state a constitutional violation for warrantless entry.
Plaintiffs' Second Amended Complaint alleges that Hyer threatened
to injure his housemates and neighbors, held numerous weapons
including a knife and a bow and arrow during the incident, and
made both menacing and suicidal threats.  Plaintiffs have not
stated a plausible claim for warrantless entry based on such
allegations.  <u>Andison v. Clark Cnty.</u>, 2016 WL 150182, *4 (W.D.
Wash. Jan. 13, 2016) (warrantless entry claim was baseless where
facts provided that the woman was armed and possibly suicidal);
<u>Johnson v. City of Bellevue</u>, 2006 WL 223797, *4 (W.D. Wash. Jan.
30, 2006) (explaining there was no viable warrantless entry claim
when police entered house because they were told plaintiff was
distraught and suicidal); <u>Atkins v. Cnty. of Alameda</u>, 2006 WL
1600651, *5 (N.D. Cal. June 7, 2006).

Defendants' Motion to Dismiss as to Count I for Warrantless Entry is **GRANTED.**

Plaintiffs' claim for Warrantless Entry is **DISMISSED WITH PREJUDICE.**

**<u>Count II</u>**
**<u>Excessive Force</u> against the <u>Individual Officers</u>**

Defendants do not seek dismissal of Count II for Excessive Force in violation of the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.  Count II remains against the Individual Officers.

**<u>Counts III & IV</u>**
**<u>Monell Claims</u> against <u>The City and County of Honolulu</u>**

The only basis for Plaintiffs to bring a Section 1983 claim against a municipality is pursuant to <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 658, 691 (1978).

Plaintiffs have attempted to bring two separate <u>Monell</u> claims.

<u>First</u>, Plaintiffs attempt to allege a <u>Monell</u> claim against the Defendant City and County of Honolulu based on failure to adequately train the Individual Officers.

<u>Second</u>, Plaintiffs attempt to allege a <u>Monell</u> claim against the Defendant City and County of Honolulu based on a purportedly unconstitutional custom, practice, or policy of the Honolulu police department.

A plaintiff asserting a Monell claim must state sufficiently detailed factual allegations "to give fair notice and to enable the opposing party to defend itself effectively" and which "plausibly suggest an entitled to relief." Estate of Mendez v. City of Ceres, 390 F.Supp.3d 1189, 1206 (E.D. Cal. June 28, 2019) (quoting Starr, 652 F.3d at 1216) (internal citation and quotation omitted). Threadbare allegations are insufficient to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Via v. City of Fairfield, 833 F.Supp.2d 1189, 1198 (quoting Iqbal, 129 S.Ct. at 1950).

In the Court's prior two orders, it explained the standard for Plaintiffs to plausibly state a Monell claim against the City and County of Honolulu. Plaintiffs have failed to cure the deficiencies cited in the Court's prior two orders.

**Count III:** for **Monell Liability against the City and County of Honolulu for Inadequate Training** pursuant to 42 U.S.C. § 1983

A local government entity's failure to train its employees can create Monell liability where the failure to train amounts to deliberate indifference to the rights or persons with whom those employees are likely to come into contact. Lee v. City of Los Angeles, 250 F.3d, 668, 681 (9th Cir. 2001). It is only where the failure to train reflects a deliberate or conscious choice by a municipality that the municipality may be liable. City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).

**A.    Pleading Standard To State A <u>Monell</u> Claim Based On Failure to Train**

A plaintiff seeking to bring a <u>Monell</u> claim based on a failure to train must identify a deficiency in a local governmental entity's training program and must allege sufficient facts to prove that the deficiency is <u>closely related</u> to the ultimate injury.  <u>Lee</u>, 250 F.3d at 681.  A plaintiff must allege sufficient facts to demonstrate that the constitutional injury would have been avoided had the governmental entity trained its employees properly.  <u>Jackson v. Barnes</u>, 749 F.3d 755, 763 (9th Cir. 2014); <u>Oviatt by and through Waugh v. Pearce</u>, 954 F.2d 1470, 1478 (9th Cir. 1992).  This requires showing that the <u>municipality</u> was on actual or constructive notice that its omission would likely result in a constitutional violation, and not that one of its employees was a poor trainer or supervisor.  <u>Jackson</u>, 749 F.3d at 763.  Mere negligence in training or supervision does not give rise to a <u>Monell</u> claim.  <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011).

In addition, a plaintiff must show more than one employee was inadequately trained; there must be a widespread practice.  <u>Ismail v. Freeman</u>, 936 F.Supp.2d 1157, 1164 (C.D. Cal. 2012) (citing <u>Marsh v. Cnty. of San Diego</u>, 680 F.3d 1148, 1159 (9th Cir. 2012)).

A pattern of similar constitutional violations by untrained employees is generally necessary to demonstrate deliberate

indifference for failure to train.  Connick v. Thompson, 563 U.S. 51, 62 (2011).  There are various methods to plead a pattern or practice claim.  Courts have explained that pleading statistics about unconstitutional excessive force complaints or pleading examples of successful excessive force lawsuits filed before the incident are sufficient to put the municipality on notice of constitutional violations.  Id. at 71-72; Bagley v. City of Sunnyvale, 2017 WL 5068567, *6 (N.D. Cal. Nov. 3, 2017).

Without notice that a course of training is deficient in a particular respect, decisionmakers cannot be said to have deliberately chosen a training program that will cause violations of constitutional rights.  Connick, 563 U.S. at 71-72.

### B.   There Are Insufficient Allegations To Plausibly State A Monell Claim Based On Failure To Train

This is the third complaint where Plaintiffs have attempted to state a Monell claim against the City and County of Honolulu for failure to train the Individual Officers.  Once again, Plaintiffs have included no information on the actual training provided by the City and County of Honolulu to the officers named in the complaint.

A plaintiff asserting a Monell claim based on failure to train must identify how the municipality's training was inadequate and how the inadequate training represents municipal policy.  Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006).  Plaintiffs' conclusory allegations that the training

was inadequate are insufficient to state a claim.  Plaintiffs do not allege how the City and County failed to train its officers, what topics were not covered in the training, how the training was deficient, or how the inadequate training caused the constitutional violation alleged.  Sanders v. City of National City, 2020 WL 6361932, *3-*4 (S.D. Cal. Oct. 29, 2020).

Plaintiffs make general, conclusory allegations that the City and County of Honolulu did not adequately train its police officers.  (Second Amended Complaint at ¶¶ 174-78, ECF No. 55).  Such threadbare allegations are insufficient to state a Monell claim against the City and County of Honolulu.  Merely alleging that the defendants acted with deliberate indifference is conclusory and insufficient.  Herd v. Cnty. of San Bernardino, 311 F.Supp.3d 1157, 1168-69 (C.D. Cal. 2018).

Plaintiffs have not alleged any information about the City and County of Honolulu previously investigating, disciplining, or reprimanding the Individual Officers in this case.  There are also no allegations or any specific information that would have placed the City and County of Honolulu itself on notice as to the inadequacy of its training program for the Honolulu police department or the individual officers named here.  See AE ex rel Hernandez, 666 F.3d at 637.

Defendants' Motion to Dismiss Count III for Monell liability based on a failure to adequately train is **GRANTED.**

Plaintiffs have already been given two chances to amend

their complaint to state a <u>Monell</u> claim for failure to train claim.  Further amendment would be futile.

Count III for <u>Monell</u> liability against the Defendant City and County of Honolulu for failure to train is **DISMISSED WITH PREJUDICE.**

**Count IV:** for **<u>Monell Liability against the City and County of Honolulu for Unconstitutional Custom, Practice, or Policy</u>** pursuant to 42 U.S.C. § 1983;

A plaintiff may assert a <u>Monell</u> claim for municipal liability by demonstrating that an official policy, custom, or pattern on the part of the municipality was the actionable cause of the claimed injury.  <u>Tsao v. Desert Palace, Inc.</u>, 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1022 (9th Cir. 2008) (quotation marks omitted)).

**A.   Pleading Standard To State A <u>Monell</u> Claim Based On An Unconstitutional Custom Or Policy**

To bring a claim based on an unconstitutional policy or custom, there must be sufficient allegations that:

(1)  the plaintiff was deprived of a constitutional right;

(2)  the municipality had a policy;

(3)  the policy amounted to deliberate indifference to the plaintiff's constitutional right; and,

(4)  the policy was the moving force behind the constitutional violation.

<u>Mabe v. San Bernadino Cnty., Dep't of Pub. Soc. Servs.</u>, 237

F.3d 1101, 1110-11 (9th Cir. 2001).

The policy may be one of action or inaction if it amounts to a failure to protect constitutional rights, but the policy of inaction must be the result of a conscious or deliberate choice made from various alternatives.  Lee, 250 F.3d at 681.

Courts generally require a plaintiff to plead multiple incidents of alleged violations in order to allow a Monell claim based on policy, practice, or custom to proceed.  Bagley, 2017 WL 5068567, *5.  Liability for improper custom may not be predicated on isolated or sporadic incidents, but it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy.  Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996), modified on other grounds in Navarro v. Block, 250 F.3d 729 (9th Cir. 2001); see also Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999).

The existence of a policy of inaction, without more, is insufficient to trigger Monell liability.  Canton, 489 U.S. at 389.  In order to identify the relevant policy, the plaintiff must provide sufficient allegations:

> (1)  showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;
>
> (2)  showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent the official policy in the area of decision; or,
>
> (3)  showing that an official with final policymaking

> authority either delegated that authority to, or
> ratified the decision of, a subordinate.

Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir.
2005).

A plaintiff must provide sufficient allegations to
demonstrate that the policy evidences a deliberate indifference
to plaintiff's constitutional rights.  Canton, 489 U.S. at 389.
A plaintiff must demonstrate that a municipal decision reflects
deliberate indifference to the risk that a violation of a
particular constitutional right will follow the decision.  Bd. of
Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 411 (1997).

A plaintiff must also demonstrate that the policy is the
moving force behind the ultimate injury.  Oviatt, 954 F.2d at
1478.  The identified deficiency in the policy must be closely
related to the injury in order for a policy to be a moving force
behind the deprivation of a constitutional right.  Long, 442 F.3d
at 1190.  A plaintiff must establish that the injury would have
been avoided if the proper policies had been implemented.  Id.

The Ninth Circuit Court of Appeals has made clear that
Monell claims may not simply recite the elements of a cause of
action, but they must contain sufficient allegations of
underlying facts to give fair notice and to enable the opposing
party to effectively defend itself.  AE ex rel. Hernandez, 666
F.3d at 637.  The plaintiff must also identify the particular
policy or custom that caused the constitutional violation without
resorting to conclusory statements.  Osuna v. Cnty. of

Stanislaus, 392 F.Supp.3d 1162, 1174 (E.D. Cal. 2019).

**B.    There Are Insufficient Allegations To Plausibly State A Monell Claim Based On An Unconstitutional Custom, Practice, Or Policy**

Plaintiffs appear to claim that the City and County of Honolulu had a policy, practice, or custom of using excessive force on people with mental illness.

Plaintiffs do not assert that it is an official written policy of the department, but they claim it is a common practice or custom.  Plaintiffs attempt to cite other incidents in order to establish the basis for it being a practice or custom.  The Second Amended Complaint, however, fails to adequately allege a "pattern of constitutional violations" such that the Defendant City and County of Honolulu was deliberately indifferent. Rosales v. Cnty. of San Diego,    F.Supp.3d.   , 2021 WL 37723, *21 (S.D. Cal. Jan. 5, 2021) (explaining that unsupported allegations that police officers have been involved in incidents where suspects have died is insufficient to plead a failure to train claim).

Plaintiffs have cited to nine incidents where they allege police used excessive force.  (Second Amended Complaint at ¶ 188b., ECF No. 55).  Of the nine incidents, five of the incidents took place after the incident with Hyer.  Rosales, 2021 WL 37723, at *21.  Incidents that took place after June 2018 cannot have provided the City and County of Honolulu with notice as to the

25

custom or practice. <u>Tabayoyon v. City of Vacaville</u>, 2021 WL 107232, *4 (E.D. Cal. Jan. 11, 2021).

One of the cited incidents is irrelevant to the analysis because it occurred nine years prior to June 2018 and is too far removed in time to be relevant. <u>Bagley</u>, 2017 WL 5068567, at *6.

Another of the cited incidents involved a person named Kyle Thomas, who is not alleged to be a mentally ill person and is not relevant to Plaintiffs' pattern or practice theory. <u>Id.</u>

Of the remaining two incidents, neither of the facts alleged demonstrate persistent and widespread constitutional violations of excessive force on the mentally ill. Rather, each incident is described as uses of force by police against those who used or threatened imminent deadly force upon an officer.[2]

Plaintiffs do not cite to any unconstitutional excessive force cases involving the mentally ill that would have put the City and County of Honolulu on notice that it was deliberately indifferent to the training of its officers.

Here, Plaintiffs have not pled statistics about unconstitutional excessive force complaints or pled examples of

---

[2] Plaintiffs only cite to two incidents involving mentally ill persons prior to the June 2018 incident with Hyer: "(2) the January 2018 shooting of Siatuu Tauai, a 51-year-old mentally ill man shot and killed after he struck an officer with his vehicle during a traffic stop near Kamehameha Shopping Center in Honolulu";... (4) the June 2018 fatal shooting of Renie Cablay, a 55-year-old mentally ill Waipahu man waving a knife at police in the doorway of his home. He had been previously involved in a 2017 standoff with police." (Second Amended Complaint at ¶ 188b, ECF No. 55).

successful excessive force lawsuits filed before the incident. Connick, 563 U.S. at 71-72; Bagley, 2017 WL 506567, at *6. Plaintiffs have not cited to a single case where the Honolulu Police Department or any Individual Defendant Officer was found to have committed a constitutional violations for excessive force.

The Second Amended Complaint does not allege the type of violation of federal rights that would be a highly predictable consequence of inadequate training.  Long, 442 F.3d at 1186-87. Rather, the Second Amended Complaint alleges that there was a policy for dealing with mentally ill persons adopted by the City and County of Honolulu.  (Second Amended Complaint at ¶¶ 90, 201-02, ECF No. 55).  While Plaintiffs argue that the individual officers did not comply with the policy or did not properly discharge their duties, such allegations do not support a Monell claim against the City and County of Honolulu.  The allegations are solely relevant to Plaintiffs' excessive force claims, as stated in Count II, against the Individual Officers.

Here, there are no facts pled to demonstrate a policy, practice, or custom adopted by the City and County of Honolulu that caused the alleged injury in this case.  Plaintiffs have not plausibly alleged sufficient facts to support a pattern or practice as the moving force behind the alleged unconstitutional harm in this case.  Brown, 520 U.S. at 404.

Defendants' Motion to Dismiss Count IV for Monell liability

for an alleged unconstitutional policy, practice, or custom is
**GRANTED.**

Plaintiffs have already been given two chances to amend
their complaint to state a Monell claim for unconstitutional
policy, practice or custom.  Further amendment would be futile.

Count IV for Monell liability against the Defendant City and
County of Honolulu is **DISMISSED WITH PREJUDICE.**

**Count V:**

**Title II of the Americans With Disabilities Act of 1990** ("ADA"),
42 U.S.C. § 12101, et seq. against the **City and County of
Honolulu**

Plaintiffs assert Hyer was diagnosed with Post-Traumatic
Stress Disorder and suffered from mental illness, which
Plaintiffs assert constitute a qualified disability for purposes
of bringing a claim pursuant to the Americans With Disabilities
Act.

Title II of the Americans With Disabilities Act of 1990
("ADA") prohibits a public entity from discriminating against any
"qualified individual with a disability."  Sheehan v. City and
Cnty. of San Francisco, (Sheehan I), 743 F.3d 1211, 1231 (9th
Cir.) cert. granted sub nom., 135 S.Ct. 702 (2014), and rev'd in
part, cert. dismissed in part sub nom.  City and Cnty. of San
Francisco, (Sheehan II), 135 S.Ct. 1765, 1778 (2015).

To state a claim pursuant to Title II of the ADA, a
plaintiff must show:

(1) he is an individual with a disability;

(2) he was excluded from participation in or otherwise discriminated against with regard to the public entity's services, programs, or activities; and,

(3) such exclusion or discrimination was by reason of his disability.

Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

The Ninth Circuit Court of Appeals has determined that Title II of the ADA applies to law enforcement investigations and arrests. Sheehan I, 743 F.3d at 1232.

There are multiple allegations as to Hyer's mental illness and what the officers did or did not do with respect to Hyer. Factual issues raised by Plaintiffs' claims include whether Hyer was a qualified individual pursuant to the ADA and whether he posed a direct threat to the health and safety of others. Lookabill v. City of Vancouver, 2015 WL 4623938, *8-*9 (W.D. Wash. Aug. 3, 2015); Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978-79 (9th Cir. 1997); 28 C.F.R. § 35.104; 28 C.F.R. § 35.139(b).[3]

---

[3] 28 C.F.R. § 35.104 defines "direct threat" as a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures, or by the provision of auxiliary aids or services as provided in 35.139.

28 C.F.R. § 35.139(b) provides that "[i]n determining whether an individual poses a direct threat to the health and safety of others, a public entity must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain: the nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or

These questions are questions of fact for trial and cannot be resolved on a motion to dismiss.  <u>Barnett v. Cnty. of Los Angeles</u>, 2021 WL 826413, *7-*8 (C.D. Cal. Mar. 4, 2021); <u>Vos v. City of Newport Beach</u>, 2020 WL 4333656, *7 (C.D. Cal. June 8, 2020).

Defendants' Motion to Dismiss Count V for violations of Title II of the ADA is **DENIED**.

**Count VI:**
**<u>Negligent Training</u>** against **<u>The City and County of Honolulu</u>**

**Count VII:**
**<u>Negligent Supervision</u>** against **<u>The City and County of Honolulu</u>**

Pursuant to Hawaii law, before a plaintiff can establish a claim for negligent training or negligent supervision, the plaintiff must provide sufficient allegations that the employer knew or should have known of the necessity and opportunity for exercising such control.  <u>Otani v. City & Cnty. of Haw.</u>, 126 F.Supp.2d 1299, 1308 (D. Haw. 1998).

The key to any claim for negligent training or supervision is foreseeability.  If an employer has not been put on notice of the necessity for exercising a greater degree of supervision over a particular employee, the employer cannot be held liable as a matter of law.  <u>Id.</u>  If an employer has not been put on notice of the necessity for training, the employer cannot be held liable as

procedures or the provision of auxiliary aids will mitigate the risk.

a matter of law.  <u>Hyun Ju Park v. City and Cnty. of Honolulu</u>, 292
F.Supp.3d 1080, 1102 (D. Haw. 2018).

The Second Amended Complaint fails to sufficiently state a
claim for either negligent training or negligent supervision
because there are no allegations as to foreseeability.  The
complaint must identify the basis for the City and County to have
been put on notice as to a particular employee who caused
Plaintiffs' purported injury.  The complaint must set forth the
factual basis for the need for the City and County of Honolulu to
have exercised greater control over the particular employee or to
have trained a particular employee differently.  General
allegations that the City and County of Honolulu should have
exercised greater control over all of its police officers or
should have provided more training are insufficient to state a
negligent training or supervision claim.  <u>Hollandsworth v. City
and Cnty. of Honolulu</u>, 440 F.Supp.3d 1163, 1181-82 (D. Haw.
2020).

As previously stated in two prior orders, Plaintiffs still
must set forth how the City and County of Honolulu was put on
notice as to each individual officer it claims was negligently
trained or supervised.  The Second Amended Complaint merely
states that the "City negligently trained Nobriga, Silva, and
Torres insofar as they were not adequately and properly trained
on the properly [sic] handling of mentally ill individuals."
(Second Amended Complaint at ¶ 213, ECF No. 55).

Plaintiffs' conclusory and vague allegations fail to plausibly state a negligent training or negligent supervision claim.  Hollandsworth, 440 F.Supp.3d at 1181-82.

There are no allegations in the Second Amended Complaint concerning the training provided to the individual police officers involved in this case.  There are also no allegations as to why the training was deficient and how it led a particular officer to cause any of the individual Plaintiffs' injury.

Plaintiffs have not sufficiently alleged the basis that would put the City and County of Honolulu on notice for a need to exercise a greater degree of supervision over the particular individual Defendant Officers.  There are no facts as to what supervision was required as to a particular officer and why such supervision would have prevented the alleged harm to Plaintiffs. Hyun Ju Park, 292 F.Supp.3d at 1102.

Defendants' Motion to Dismiss Count VI for Negligent Training and Count VII for Negligent Supervision is **GRANTED.**

Plaintiffs have already been given two chances to amend their complaint to state negligent training and supervision causes of action.  Further amendment would be futile.

Count VI for Negligent Training and Count VII for Negligent Supervision are **DISMISSED WITH PREJUDICE.**

**COUNTS VIII-XIII:**
**Hawaii State Law Tort Claims** against **All Defendants**

**Conditional Privilege As To The Individual Officers For Plaintiffs' Hawaii State Law Claims**

Hawaii law provides non-judicial government officials with conditional privilege for tortious actions made in the performance of their public duties.  Towse v. State of Hawaii, 647 P.2d 696, 702 (Haw. 1982); Kaahu v. Randall, Civ. No. 14-00266 HG-RLP, 2018 WL 472996, *12 (D. Haw. Jan. 18, 2018).  The privilege shields officials from liability unless a plaintiff can establish that the official's conduct was motivated by actual malice.  Griego v. Cnty. of Maui, Civ. No. 15-00122 SOM-KJM, 2017 WL 1173912, *22 (D. Haw. Mar. 29, 2017).  Hawaii law provides that when there is clear and convincing evidence that the government official acted with actual malice, and not by an otherwise proper purpose, "the cloak of immunity is lost and the official must defend the suit the same as any other defendant." Id. (internal citation omitted).

Actual malice is defined in its "ordinary and usual sense." Awakuni v. Awana, 165 P.3d 1027, 1042 (Haw. 2007).  The Hawaii Supreme Court in Awakuni utilized Black's Law Dictionary definitions of "maliciousness" and "malice" as follows: (1) "substantially certain to cause injury and without just cause or excuse"; (2) "the intent, without justification or excuse, to commit a wrongful act, reckless disregard of the law or of a person's legal rights"; and (3) "ill will; wickedness of heart." Id. (quoting Black's Law Dictionary 976 (8th ed. 2004)).  Courts have explained that a plaintiff can state a negligence claim against a non-judicial official only if the plaintiff has

33

adequately alleged that the official recklessly disregarded the law or the plaintiff's legal rights.  <u>Cornel v. Hawaii</u>, Civ. No. 19-00236 JMS-RT, 2020 WL 3271934, *4 (D. Haw. June 17, 2020).

Plaintiffs have alleged specific facts asserting Defendants Nobriga, Silva, and Torres recklessly disregarded the law and Hyer's legal rights.  (Second Amended Complaint at ¶¶ 250-252, ECF No. 55).

The question of whether the individual officers did in fact recklessly disregard the law and Hyer's rights and whether the officers were otherwise motivated by malice or acted without a legitimate purpose are questions for trial.  <u>Awakuni</u>, 165 P.3d at 1042.

Defendants' Motion to Dismiss Counts VIII-XIII based on conditional privilege is **DENIED**.

## <u>CONCLUSION</u>

Defendants City and County of Honolulu, Paul V. Nobriga, Wayne Silva, and Malo B. Torres's Motion For Partial Dismissal Of The Second Amended Complaint (ECF No. 58) is **GRANTED, IN PART, AND DENIED, IN PART.**

**<u>The Following Claims Are DISMISSED WITH PREJUDICE:</u>**

Count I:          **<u>Warrantless Entry</u>** violations of the **<u>Fourth Amendment</u>** to the United States Constitution, pursuant to 42 U.S.C. § 1983 against the **<u>Individual Officers</u>**;

Count III: **Monell Liability for Inadequate Training** pursuant to 42 U.S.C. § 1983 against **the City and County of Honolulu**;

Count IV: **Monell Liability for Unconstitutional Custom, Practice, or Policy** pursuant to 42 U.S.C. § 1983 against **the City and County of Honolulu**;

Count VI: **Negligent Training** pursuant to Hawaii state law against **the City and County of Honolulu**;

Count VII: **Negligent Supervision** pursuant to Hawaii state law against **the City and County of Honolulu**;


**The Following Claims In The Second Amended Complaint Remain**:

Count II: **Excessive Force** violations of the **Fourth Amendment** to the United States Constitution, pursuant to 42 U.S.C. § 1983 against the **Individual Officers**;

Count V: Violations of **Title II of the Americans With Disabilities Act** of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. against the **City and County of Honolulu**;

Count VIII: **Wrongful Death** pursuant to Hawaii state law against **all Defendants**;

Count IX: **Negligence** pursuant to Hawaii state law against **all Defendants**;

Count X: **Gross Negligence** pursuant to Hawaii state law against **all Defendants**;

Count XI: **Intentional Infliction of Emotional Distress** pursuant to Hawaii state law against **all Defendants**;

Count XII: **Negligent Infliction of Emotional Distress** pursuant to Hawaii state law against **all Defendants**;

Count XIII: **Loss of Love, Support, and/or Consortium** pursuant to Hawaii state law against **all Defendants**.

IT IS SO ORDERED.

DATED: May 27, 2021, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Steven A. Hyer, Individually and as Personal Representative of
The Estate of Steven K. Hyer; Cassi H. Hyer; Theresa L. Chang v.
City and County of Honolulu; Paul V. Nobriga, in his individual
capacity; Wayne Silva, in his individual capacity; Malo B.
Torres, in his individual capacity; Civil No. 19-00586 HG-RT;
**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS CITY
AND COUNTY OF HONOLULU, PAUL V. NOBRIGA, WAYNE SILVA, AND MALO B.
TORRES'S MOTION FOR PARTIAL DISMISSAL OF THE SECOND AMENDED
COMPLAINT (ECF No. 58)**